(No. 12311.—Judgment affirmed.)

THE MARK MANUFACTURING COMPANY, Plaintiff in Error, vs. THE INDUSTRIAL COMMISSION et al.—(FRANK P. CRINER, Defendant in Error.)

Opinion filed February 20, 1919.

1. WORKMEN'S COMPENSATION—*ability to work by aid of mechanical device not inconsistent with complete loss of use of hand.* The fact that by the use of a mechanical appliance or some substitute for the hand an injured employee is able to perform manual labor to some extent is not inconsistent with the permanent and complete loss of the use of the hand for practical work.

2. SAME—*former injury to finger does not reduce compensation for loss of use of hand.* Where, as a result of an injury, an employee has permanently lost the use of one hand, he is entitled to compensation for the loss at the rate fixed by the statute; and the facts that one finger had been previously injured and partly amputated and that he might have recovered for that injury do not reduce the amount of compensation to which he is entitled.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. OSCAR M. TORRISON, Judge, presiding.

W. J. WELDON, for plaintiff in error.

A. B. MANION, for defendant in error.

Mr. JUSTICE DUNN delivered the opinion of the court:

The circuit court of Cook county confirmed an award of the Industrial Commission granting compensation from the Mark Manufacturing Company to Frank P. Criner under the Workmen's Compensation act. The proper certificate having been made, the company has sued out a writ of error, and the only question presented is whether there is evidence in the record justifying the finding that the injury sustained by Criner caused the permanent and complete loss of the use of his left hand.

In the course of Criner's work of juggling pig iron his left hand was crushed so that the second, third and fourth

fingers were amputated. The index finger was also badly crushed and there is a scar on the inside of the finger, which has contracted so that the finger is bent inward, is stiff, has very little motion and is always painful. The palm of the hand became infected and was lanced several times. At the time of the hearing before the commission, eight months after the injury, it was soft, more hollow than the right hand and there had been some sloughing of the tissues. The thumb was not injured and can be used in connection with the bent and stiffened index finger and the stump of the second finger to pick up small articles, to assist in dressing, to button a coat or do similar small acts. Previous to this accident Criner had received another injury, and the second finger of his left hand had been amputated between the first and second joints. A further amputation of one-half inch to three-quarters of an inch resulted from the present injury, leaving about one-fourth of the middle phalanx in position. Three months after the injury Criner returned to work for the plaintiff in error, but his work was of a different character and for less pay. The character of his work is not clearly shown, but he testified that he did it with one' hand by resting the handle of a scoop across the wrist of the other arm, using an appliance fastened around the wrist.

The Workmen's Compensation act provides for the payment of compensation for the loss of a finger or the permanent and complete loss of the use of it, at the rate of fifty per cent of the average weekly wages, for thirty-five weeks for the index finger, thirty weeks for the second finger, twenty weeks for the third and fifteen weeks for the fourth; and for the loss of a hand or the permanent and complete loss of its use, fifty per cent of the average weekly wages for one hundred and fifty weeks. The award was based upon the permanent and complete loss of the use of the left hand. The contention of the plaintiff in error is that it should have been based upon the loss of the index,

third and fourth fingers, and should not have exceeded fifty per cent of the average weekly wages for seventy weeks. It is further contended that even if there was a complete loss of the use of the hand, the previous loss of a part of the second finger would have entitled the defendant in error to an award of thirty weeks' compensation if the Workmen's Compensation act had been in force at the time of that injury, and therefore the compensation for the present injury should not have extended beyond one hundred and twenty weeks.

The permanence of the loss of use is apparent, and while the defendant in error is able to perform some acts with his thumb and the remains of his finger, they are not of such a character as to be of any practical value in manual labor,—at least there was evidence from which the arbitrator and the commission might reasonably have arrived at that conclusion. The fact that by the use of a mechanical appliance or some substitute for the hand the defendant in-error is able to perform manual labor to some extent is not inconsistent with the complete loss of the use of the hand for practical work. "The incapacity to use need not be tantamount to an actual severance of the hand. It is enough that the normal use has been entirely taken away." *In re Meley,* 219 Mass. 136; *Floccher* v. *Fidelity and Deposit Co.* 221 id. 54; *Lamieux* v. *Contractors Mutual Liability Ins. Co.* 223 id. 346; *Rockwell* v. *Lewis,* 154 N. Y. Supp. 893.

Though the defendant in error had previously lost a part of one finger he had the use of his hand, with a capacity somewhat reduced by reason of the defect. The fact that his hand was not perfect did not render its loss any less complete. As the result of his injury he has totally lost the use of the hand which he previously had, and under the statute he is entitled to compensation for that loss. (*Wabash Railway Co.* v. *Industrial Com. ante,* p. 194; *In re Branconnier,* 223 Mass. 273; *Schwab* v. *Emporium For-*

*estry Co.* 216 N. Y. 712.) The fact that he might have recovered for the first injury did not reduce the amount of compensation to which he is entitled for the loss of the use ·of his hand.

The judgment is affirmed. *Judgment affirmed.*