---

(No. 15859.—Judgment reversed and award confirmed.)
THE SYKES COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(ALBERT VOLLENDORF, Defendant in Error.)

*Opinion filed October 28, 1924—Rehearing denied Dec. 4, 1924.*

1. WORKMEN'S COMPENSATION—*what necessary to sustain award for complete loss of use of hand.* While loss of use of the hand need not be tantamount to an actual severance of the member, to sustain a judgment for complete loss of use under the Compensation act the evidence must show that the normal use of the hand has been entirely taken away.

2. SAME—*under Compensation act loss of four fingers does not necessarily mean loss of use of hand.* Loss of four fingers, leaving the thumb intact, does not necessarily mean complete loss of use of the hand within the meaning of the Compensation act; and where there is no injury to any part of the hand except the loss of said

fingers, as found by the arbitrator upon personal examination, and there is no evidence as to what extent the hand has been used since the accident nor any evidence as to its incapacity for use, an award for complete loss of use of the hand is not justified.

Farmer and Stone, JJ., dissenting.

Writ of Error to the Circuit Court of Cook county; the Hon. Harry M. Fisher, Judge, presiding.

Gallagher, Kohlsaat, Rinaker & Wilkinson, for plaintiff in error.

Hart E. Baker, for defendant in error.

Mr. Justice Heard delivered the opinion of the court:

This is a writ of error to the circuit court of Cook county to review a judgment of that court in the matter of an award of the Industrial Commission of Illinois, brought to the circuit court by *certiorari.*

An application was made for compensation for injuries sustained by defendant in error, Vollendorf, while in the employ of plaintiff in error, arising out of and in the course of such employment. Proper notice was given and demand made. It is admitted that first aid, hospital and medical services were furnished, and that the applicant received from the plaintiff in error $14 per week for seven weeks, the period of temporary total incapacity. The arbitrator found that the applicant's annual earnings preceding the injury were $1716, or a weekly wage of $33; that the applicant was entitled to the further sum of $14 per week for a period of 100 weeks, as provided in paragraph (*e*) of section 8 of the Workmen's Compensation act as amended, for the reason that the injuries sustained caused the loss of the first, second, third and fourth fingers of the left hand; that $98 had been paid on account of the injury, and that the applicant was entitled to $84, the amount of compensation that had accrued from September 9, 1922, to October 17, 1922, the remainder of the award to be paid in weekly payments, commencing one week from the last mentioned date. The

Industrial Commission affirmed the arbitrator's findings. On the case being taken to the circuit court, that court made a finding that the applicant had sustained the permanent and complete loss of the use of his left hand, and awarded him fifty per cent of his average weekly wages during 150 weeks.

The question in dispute is the nature and extent of the disability. The arbitrator's statement in the record as to the condition he found upon examination of the applicant's hand is, that the first, second, third and fourth fingers were amputated, the first, second and third being amputated midway between the hand and the proximal phalanx and the small finger at the proximal joint; that the thumb has no restriction of motion; that there are no marks, lacerations, scars or any other evidence of injury in the palm of the hand nor to the back thereof. The circuit court based its decision upon the same condition, but held that there was a complete loss of the use of the left hand instead of applying the rate applicable to the separate fingers, as mentioned in section 8.

The only provisions of the statute as to the loss of fingers, directly applicable here, are found in clause 7 of paragraph (*e*) of section 8, which provides that in no case shall the amount received for the loss of more than one finger exceed the amount provided for the loss of a hand; clause 12 of paragraph (*e*) of said section, which not only provides for the loss of a hand but also for the permanent and complete loss of its use; and clauses 1, 2, 3, 4, 5, 6 and 7, which provide, separately, for the loss, or loss of use, of the whole or part of the thumb or fingers.

The only question involved in this case is whether or not by the accident in question defendant in error sustained a complete loss of the use of his left hand. While the incapacity to use need not be tantamount to an actual severance of the hand, yet to sustain a judgment for the complete loss of the use of the hand the evidence must show

that the normal use of the hand has been entirely taken away. *Mark Manf. Co.* v. *Industrial Com.* 286 Ill. 620; *Ballou* v. *Industrial Com.* 296 id. 434.

This case differs from *Mark Manf. Co.* v. *Industrial Com. supra,* in which case the Industrial Commission found that there had been a complete loss of the use of the hand, and in reviewing the award this court found that there was evidence in the record from which the arbitrator and the commission might reasonably have arrived at the conclusion that there was a complete loss of the use of the hand. In the present case there is no dispute as to the extent of defendant in error's injuries in the evidentiary facts, which consist almost exclusively of a finding of the arbitrator based upon his personal, physical examination of defendant in error's hand. There is no evidence in the record as to what extent the hand has been used since the accident, nor is there any expert or other evidence as to its incapacity for use. Defendant in error did not lose any part of the thumb or sustain any injury to the palm or back of the hand and must necessarily retain a partial use of the hand.

The evidence failing to show a complete loss of the use of defendant in error's hand, the judgment of the circuit court is reversed and the award of the Industrial Commission is confirmed. *Judgment reversed; award confirmed.*

FARMER and STONE, JJ., dissenting:

If we are able to comprehend the facts in this case it is in direct conflict with *Mark Manf. Co.* v. *Industrial Com.* 286 Ill. 620. The injury to the employee in this case is even greater than the injury to the employee in that case. Here the employee lost all four fingers of the hand very near to the hand, while in that case only three fingers were amputated. The index finger was crushed and stiffened but was not amputated, and the court sustained an award for total loss of the use of the hand. In our judgment an award should have been sustained in this case for loss of the use of the hand.