THE WESTERN WHEELED SCRAPER COMPANY, Plaintiff in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM GARDNER, Defendant in Error.)

*Opinion filed October 28, 1926.*

WORKMEN'S COMPENSATION—*what must be shown to warrant compensation for total disability from loss of use of hands.* While complete loss of both hands, or the permanent and complete loss of the use thereof, constitutes total and permanent disability within the meaning of the statute, to justify an award for such disability it must appear from the preponderance of the evidence that the normal use of both hands has been taken away and that by reason thereof the injured employee is unable to earn wages by the use of his hands in any employment at which he is competent to work, and the burden is on the employee to prove such total and permanent disability.

WRIT OF ERROR to the Circuit Court of Kane county; the Hon. WILLIAM J. FULTON, Judge, presiding.

FYFFE & CLARKE, (PHILIP C. KLOHR, of counsel,) for plaintiff in error.

CHARLES A. O'CONNOR, (JOHN M. RAYMOND, of counsel,) for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On February 21, 1923, while operating a jointer machine for Western Wheeled Scraper Company, William Gardner sustained injuries to his right hand by the hand coming in contact with the knives of the machine. By the injury he received a fracture of the thumb with displacement of the bones, necessitating the amputation of the thumb just below the distal phalanx, lost the index or first finger and a small portion of the articular head of the metacarpal bone, and lost the middle finger, which was severed at the metacarpal joint. There was also a slight superficial injury to the ring finger. On March 19, 1906, while employed by the same company, he sustained an injury in operating a rip-saw, by reason of which he sustained a loss of the index finger, except a small part of one phalanx, a loss of the middle finger and a part of the metacarpal bone of that finger, and a loss of the ring finger of the left hand. The ring and middle fingers of the right hand are not impaired by reason of the injury. There is a lateral proximation between the thumb and ring finger, and he is able to write with a pencil with that hand. The evidence of the physicians is to the effect that exercise and use of this hand will bring back the strength to the ring and little finger of that hand and to the portion of the thumb remaining on that hand. On the left hand there is proximation of the thumb and little finger, and when so approximated the position is that they can hold any round or square article less than an inch and that he can get some use out of that hand in handling objects of that size. Since his injury, by practice and use of his right hand he is able to turn the knob of a door, hold a hammer and pound with it and hold a screw-driver. One of the two physicians who testified stated as his judgment that he could hold and use anything that was round, like the handle of a lawnmower or rake or broom, and that with practice and use of his hand he would strengthen his muscles and be able to improve the

use of it. There is practically no dispute as to the injuries received by the defendant in error and the use that he has and can make of his hands since those injuries. He has two good arms, and the foregoing statement reveals all his injuries.

The sole question on this record is as to whether or not the finding of the Industrial Commission was correct that the injury of February 21, 1923, caused permanent and complete loss of use of the right hand, and that the injury of March 19, 1906, caused permanent and complete loss of the use of the left hand, and that he is totally and permanently disabled within the meaning of paragraph (*e*) of section 8 of the Compensation act. The commission found on the foregoing facts that he is totally and permanently disabled and for such disability made an award under paragraph (*f*) of said section 8, and plaintiff in error sued out a writ of *certiorari,* which the circuit court of Kane county quashed and affirmed the award. This writ of error has been allowed on the petition of Western Wheeled' Scraper Company to review the record.

Before the finding of the commission in this case can be sustained it must appear from the preponderance of the evidence that the normal use of both hands of the defendant in error has been taken away, and that by reason thereof he is unable to earn wages by the use of his hands in any of the ordinary employments for laborers or in any other employment at which he is competent to work and earn wages. (*Mark Manf. Co.* v. *Industrial Com.* 286 Ill. 620; *Ballou* v. *Industrial Com.* 296 id. 434.) It is a well recognized fact that there are a number of employments for laborers at which they may earn wages by a very limited use of their hands, and perhaps one of the most familiar and well known occupations of that character is pushing a lawnmower, at which employment there are many laborers that earn a living for themselves and their families. The mere recital of the evidence in this case is sufficient to con-

vince the ordinary judgment, it seems to us, that the defendant in error, William Gardner, has not at all lost the normal use of the hands entirely and has not shown that he will be unable to earn wages in any of the ordinary employments by the use of his hands, or in employments where the hands are required to be used in the performance thereof.

It is provided in said section of the statute that for the loss of a thumb, or the permanent and complete loss of its use, fifty percentum of the average weekly wages during sixty weeks may be awarded; that for a loss of the first finger, or the permanent and complete loss of its use, fifty percentum of the average weekly wages may be awarded for thirty-five weeks; and that for similar losses as to the ring finger and the fourth finger fifty percentum of the average weekly wages may be awarded for twenty and fifteen weeks, respectively. It is true that the complete loss of both hands, or the permanent and complete loss of the use thereof, constitutes total and permanent disability within the meaning of the statute. Total and permanent disability means an inability for all time to earn wages in any of the employments for which the employee may be fitted and wherein the use of the hands is required. There is no sufficient proof in this record that defendant in error has suffered any such total and permanent disability, and the burden of proof is on him to make such showing.

The judgment of the court is reversed and the cause is remanded to the circuit court, with directions to remand the cause to the commission for further hearing and consideration.

*Reversed and remanded, with directions.*