(No. 26734.— ▆▆▆▆▆▆▆▆▆▆)
POray, Incorporated, *et al.,* Plaintiffs in Error, *vs.* The Industrial Commission *et al.*—(Robert Coller, Defendant in Error.)

*Opinion filed November 17, 1942.*

Philip C. Klohr, (Hubert C. Merrick, and Neal J. Huff, of counsel,) for plaintiffs in error.

Augustine J. Bowe, William J. Bowe, and John D. Casey, for defendant in error.

Mr. Justice Fulton delivered the opinion of the court:

This case comes to this court on writ of error granted to review the judgment of the superior court of Cook county. This was a proceeding under the Workmen's Compensation Act. On December 18, 1940, Robert Coller, the injured employee, lost part of the fingers of his left hand while operating a punch press. The employer stipulated that the injuries were compensable, and the parties agreed on all questions except on the nature and extent of the specific loss of use. There was no conflict in the evidence. Only two witnesses testified. Coller and a doctor called in his behalf described the injuries. The employer called no witnesses and introduced no evidence. The second, third and fourth fingers of the left hand were amputated at the middle interphalangeal joint. The left index finger was

amputated at the distal phalangeal joint. There were no scars or marks of injury on the palm or back of the hand or on the thumb, except a scar present before the accident. Coller testified that he found that the hand was clumsy to use, lacking in strength, soft and tender. At the hearing before the arbitrator, Coller was requested to, and did, pick up various objects including ash trays and telephone directories with his left hand. He testified that he played indoor baseball, playing any position and grasping the bat with both hands; that when a ball comes in contact with the stumps of his fingers it causes pain.

The arbitrator awarded compensation for the specific loss for a period of 100 weeks, finding that the injuries resulted in the complete and permanent loss of the use of 50 per cent of the first finger; 100 per cent loss of the second, third and fourth fingers. On review by the Industrial Commission, the case was submitted on the record without further evidence, and the Industrial Commission found that: "petitioner sustained the loss by amputation of the index finger, middle, ring and little fingers of the left hand, constituting 80 per cent disability of the left hand." The commission awarded compensation for a period of 136 weeks based on a permanent and complete loss of 80 per cent of the left hand. The superior court affirmed the decision of the Industrial Commission. The plaintiff in error insists that the superior court erred in awarding compensation on the basis of loss of use of the left hand, in the face of evidence showing only loss of fingers or parts thereof with no involvement of the hand. The statute involved (Workmen's Compensation Act, sec. 8; Ill. Rev. Stat. 1941, chap. 48, par. 145) is as follows:

"(e) For injuries in the following schedule, the employee shall receive compensation for the period of temporary total incapacity for work resulting from such injury, in accordance with the provisions of paragraphs (a) and (b) of this section, for a period not to exceed sixty-four weeks, and shall receive in addition thereto

compensation for a further period subject to limitations as to amounts as in this section provided, * * * but shall not receive any compensation for such injuries under any other provision of this Act.

"1. For the loss of a thumb, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during seventy weeks.

"2. For the loss of a first finger, commonly called the index finger, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during forty weeks.

"3. For the loss of a second finger, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during thirty-five weeks.

"4. For the loss of a third finger, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during twenty-five weeks.

"5. For the loss of a fourth finger, commonly called the little finger, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during twenty weeks.

"6. The loss of the first phalange of the thumb or of any finger, shall be considered to be equal to the loss of one-half of such thumb or finger and compensation shall be one-half the amount above specified.

"7. The loss of more than one phalange shall be considered as the loss of the entire finger or thumb; provided, however, that in no case shall the amount received for more than one finger exceed the amount provided in this schedule for the loss of a hand.

* * *

"12. For the loss of a hand, or the permanent and complete loss of its use, fifty percentum of the average weekly wage during one hundred and seventy weeks."

The finding of the Industrial Commission is partially in error because of the statement in the award that the petitioner sustained the loss by amputation of the index, middle, ring and little fingers of the left hand. There is no dispute about the actual fact and the testimony conclusively shows that the amputation of the index finger was the loss of one phalanx of the finger. The Workmen's Compensation Act provides that the loss of one phalanx of a finger shall constitute 50 per cent loss of that finger, while the loss of two phalanges of a finger shall constitute 100 per cent loss of that finger. The proof definitely shows that

in the present case one phalanx of the index finger and two phalanges of each of the second, third and fourth fingers were amputated. The thumb and two phalanges of the index finger remained. The only medical testimony concerning any impairment to the hand shows that the tissues of the palmar surface of the left hand were more pliable than those of the other hand and that the injured hand was softer than the other hand.

The controversy in the case resolves itself around the application of two Illinois cases to the facts in this record. In *Sykes Co.* v. *Industrial Com.* 314 Ill. 326, it was held that the amputation of four fingers did not constitute loss of use of the hand but was compensable only at statutory rate for the loss of four fingers. In *Mark Manf. Co.* v. *Industrial Com.* 286 Ill. 620, the commission found that the claimant had sustained 100 per cent loss of use of the hand. In that case the second, third and fourth fingers were amputated and the index finger was crushed and scarred and stiff from the accident. The palm of the hand became infected and was lanced several times. At the time of the hearing before the commission, eight months after the injury, it was soft, more hollow and there had been some sloughing of the tissues. The index finger remained stiff and was bent inward, had very little motion and was always painful. From the reading of the record in this case, we can find no evidence whatever of substantial or partial impairment or involvement of the hand itself, barring the consequential disability to the hand which comes from the amputation of a portion of the fingers. We cannot see from the wording of the statute how compensation can be awarded for loss of a hand because parts of fingers have been amputated. The injuries in the instant case are quite different from those in *Mark Manf. Co.* v. *Industrial Com. supra,* where an award was sustained for the complete loss of the use of the hand. Neither do we find that the injuries to the fingers and the hand in the present case

are as serious as the amputation of four fingers in the case of *Sykes Co. v. Industrial Com. supra,* where an award for the complete loss of use of the hand was reversed. If an award in a case like the present one can be made for the loss of use of a hand, then the definite and specific compensation awarded by the statute for loss of fingers would be meaningless, because in each instance the loss or amputation of a portion of any finger results in some loss to the use of the hand itself. Under our holding in the *Sykes case,* it is evident that the arbitrator here correctly found a loss of 50 per cent of the index finger and 100 per cent of the second, third and fourth fingers, and awarded compensation for 100 weeks, made up as follows: 20 weeks for 50 per cent loss of the index finger, 35 weeks for 100 per cent loss of the second or middle finger, 25 weeks for 100 per cent loss of the third or ring finger, and 20 weeks for 100 per cent loss of the fourth or little finger. These are the specific statutory awards provided in section 8(e) of the Workmen's Compensation Act. Ill. Rev. Stat. 1941, chap. 48, par. 145.

The defendant in error did not lose any part or sustain any injury to the thumb or to the two phalanges of the index finger, and retains the use of the hand except such impairment as would necessarily result from amputations of portions of the fingers.

The evidence failing to show any other or different loss of the use of the hand other than the disability to the injured fingers, the judgment of the superior court of Cook county is reversed, the award of the Industrial Commission is set aside, and this cause is remanded to the superior court of Cook county with directions for the entry of judgment for an award of 100-weeks' compensation in conformity with the views herein expressed and according to the statutory provisions governing compensation for the specific injuries sustained by the defendant in error herein.

*Reversed and remanded, with directions.*