(No. 48311.—

A. O. SMITH CORPORATION, Appellant, v. THE INDUS-TRIAL COMMISSION *et al.*—(Hubert Fleischman, Appellee.)

*Opinion filed November 24, 1976.*

Klohr, Braun, Lynch & Smith, of Chicago (Francis J. Lynch, of counsel), for appellant.

Perz and McGuire, of Chicago (Frank M. Perz and James C. Serkland, of counsel), for appellee.

MR. JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, Hubert Fleischman, suffered accidental injuries while employed by respondent, A. O. Smith Corporation, and awarded him compensation for the permanent loss of 33 1/3% of the use of his right hand.

Both parties petitioned for review of the arbitrator's decision. On review, without taking additional evidence, the Industrial Commission set aside the decision of the arbitrator and awarded petitioner compensation for the permanent loss of 60% of the use of the hand. Respondent sought *certiorari,* the circuit court of Kankakee County confirmed the award and respondent appealed. (Rule 302(a).) Petitioner cross-appealed from the order of the circuit court dismissing his petition for an assessment equal to 50% of the amount of the award filed pursuant to section 19(k) of the Workmen's Compensation Act (Ill. Rev. Stat. 1973, ch. 48, par. 138.19(k)).

Respondent contends that the award is against the manifest weight of the evidence. It argues that the evidence shows that the injury suffered by petitioner was confined to the fingers and that the award for specific loss should have been based on the loss of the use of the injured digits, and not of the hand.

The record shows that petitioner was injured while operating an automatic welder. He was hospitalized for seven days and the ring and little fingers of the right hand were amputated. He was off work for 12 weeks and within three weeks of his return to work was operating the same machine and doing the same work as before the accident.

Neither party called a medical witness and the case was submitted on the reports of two physicians. The reports are in agreement that the fourth and fifth fingers were amputated through the metacarpophalangeal joint areas and that there was a scar on the palmar surface of the right hand. There was impairment of the right middle finger by reason of 40-degree loss of flexion at the distal interphalangeal joint, and although the physicians agreed that there was also loss of flexion at both the proximal and distal phalangeal articulations, they disagreed as to its extent. Both physicians described a scar on the middle finger. Petitioner's physician's report stated that there was atrophy of the right hand and "weakness and stiffness."

Petitioner testified that "I can't use my right hand"; that he had no grip in the thumb, index and middle fingers, and experienced stiffness and pain in the hand and arm.

In support of its contention that the award was against the manifest weight of the evidence and that the judgment must be reversed, respondent cites *Mark Manufacturing Co. v. Industrial Com.*, 286 Ill. 620, *Sykes Co. v. Industrial Com.*, 314 Ill. 326, *Poray, Inc. v. Industrial Com.*, 381 Ill. 251, and *Meade v. Industrial Com.*, 48 Ill. 2d 215. An examination of those cases shows that only in *Poray* did the court set aside the award of the Industrial Commission and that the facts there are clearly distinguishable from those in this case. Unlike the injury sustained by petitioner, the claimant in *Poray* lost only one phalanx of one finger and two phalanges of three fingers, the amputation did not extend through the metacarpophalangeal joint areas and there was no scarring or atrophy of the hand.

In *Chicago Transit Authority v. Industrial Com.*, 61 Ill. 2d 78, 84-85, we said: "The factual determination of the Industrial Commission as to the extent of disability will not be set aside unless contrary to the manifest weight of the evidence. (*Interlake Steel Corp. v. Industrial Com.*, 60 Ill. 2d 255, 260; *Board of Trustees of the University of Illinois v. Industrial Com.*, 55 Ill. 2d 293, 300; *Scandroli Construction Co. v. Industrial Com.*, 54 Ill. 2d 395, 400.) It is for the Industrial Commission to draw reasonable inferences from the evidence, and its resolution in this regard will not be overturned merely because a court may have drawn opposite inferences." We cannot say that the award was contrary to the manifest weight of the evidence.

We consider next whether the circuit court erred in denying petitioner's petition for an assessment pursuant to section 19(k) of the Workmen's Compensation Act. Section 19(k) in pertinent part provides:

"(k) In case where there has been any unreasonable or vexatious delay of payment or intentional underpay-

ment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award. Failure to pay compensation in accordance with the provisions of Section 8, paragraph (b) of this Act, shall be considered unreasonable delay."

This section provides explicitly that the "Commission may award" the additional compensation. The petition did not seek remandment to the Industrial Commission for that purpose; it asked that the provisions of 19(k) "be invoked" by the circuit court, and the circuit court did not err in dismissing the petition.

For the reasons stated the judgment of the circuit court of Kankakee County is affirmed.

*Judgment affirmed.*