(No. 52195█

HAROLD BISHOP, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Freeman United Coal Mining Company, Appellee).

*Opinion filed January 23, 1980.*

Harold G. Lindholm, of Peoria, for appellant.

Elmer Jenkins and Carter Harrison, of Benton, for appellee.

MR. JUSTICE RYAN delivered the opinion of the court:

On October 14, 1974, the claimant, Harold Bishop, injured his back while lifting a heavy object in a coal mine where he was employed by the respondent, Freeman United Coal Mining Company. At the hearing before the arbitrator, only the nature and extent of the injury were in dispute. The arbitrator awarded the employee compensation for 64 weeks of temporary total incapacity and, in addition, entered an award for 2½% loss of use of both legs. The employee sought review by the Industrial Commission, which affirmed the award of the arbitrator. The employee then perfected a writ of *certiorari* to the circuit court of Franklin County, which confirmed the decision of the Industrial Commission. The employee has appealed directly to this court. 73 Ill. 2d R. 302(a).

The employee acknowledges that it is within the province of the Industrial Commission to draw inferences from the evidence, resolve conflicting testimony and determine the credibility of the witnesses. However, he argues that this court has not hesitated to alter awards which were unjust or unreasonable. In support of his contention that the award in this case is unjust, the employee argues that this court has upheld substantially larger awards for injuries similar to his, citing *Peavey Co. Flour Mills v. Industrial Com.* (1976), 64 Ill. 2d 252, and *Swift & Co. v. Industrial Com.* (1972), 52 Ill. 2d 490. In both of these cases there had been an award by the arbitrator which was affirmed by the Commission and confirmed by the circuit court. The award in each case was challenged by the employer. This court, in affirming the circuit court in each case, stated the accepted rule that it is primarily the responsibility of the Industrial Commission to determine questions of fact, including

the nature and extent of the disability, to draw reasonable inferences from the evidence, and to determine the credibility of the witnesses. In these cases this court further acknowledged the general rule that the court is limited to the consideration of whether the Industrial Commission's determinations are against the manifest weight of the evidence. The cases cited do not support the claimant's contention. The fact that this court upheld awards of the Industrial Commission does not require that we set aside an award by the Commission simply because it does not conform to the awards approved in the cited cases. We are here reviewing the decision of the Industrial Commission to determine whether or not its finding is against the manifest weight of the evidence, and not to determine whether or not its finding conforms to other awards in similar cases. Also, it is not our function to disapprove of an award simply because it may not conform to our personal opinion as to the nature and extent of the injury.

The claimant was 24 years old when he was injured. He was a repairman in a coal mine. He had 12 years of schooling but did not graduate from high school because he lacked credit in one or two required subjects. Following his injury, he was hospitalized for three days. The hospital progress notes state that he improved rapidly, was able to get out of traction often, and that he was discharged with almost no pain and no difficulty with his back other than slight soreness. The final diagnosis, as reflected by the hospital records, was "acute lumbosacral strain." He was again hospitalized at a later date for two days because of pain in his back which was incurred when he stepped off a step.

The doctor who had treated the claimant at the hospital referred him to Dr. John Barrow, who examined him and took X rays of his back. Dr. Barrow prescribed medication and a back brace, which the claimant wears only periodically. He has remained under Dr. Barrow's care.

For the first year he saw Dr. Barrow about once a month. After that he saw the doctor only every two or three months. Dr. Barrow's deposition was introduced at the hearing before the arbitrator. The doctor testified he had recommended a gradual exercise program to strengthen the claimant's back muscles. The doctor stated that the claimant could not continue to do the heavy work in the mine that he had been doing, but that he could do any reasonable type of work that would not require lifting of over 20 to 30 pounds, and would not require repeated bending or climbing. The doctor recommended that the claimant engage in some type of light work within his tolerance limits and stated that there were many types of work he could do. When questioned about garage work, the doctor acknowledged that the claimant may not be able to do some type of work in a garage, but asserted that there were many "reasonable mechanical jobs he could do."

The claimant testified that, although he has had no formal mechanical training, he does know how to repair automobiles. He stated that since his injury he has done some work in his father's garage for which he has received compensation. He also stated that he had a racing car on which he had worked. He is also a licensed used-car dealer and does work on the automobiles before he sells them. He stated that he went fishing about once a week. He fishes from a boat which he tows behind his automobile to and from the lake. He also hunts squirrels and quail; however, he testified that when the weather gets cold he has difficulty in walking because of arthritis in his hip. He did not relate this disability to the pain which he testified he has in his lower back as a result of the accident. He has never attempted to return to work at the mine, and he has not sought any other type of employment.

In addition to all of the above facts, the arbitrator had the opportunity to observe the claimant and to note

his movements and actions throughout the hearing. The evaluation of all of this evidence properly lies with the Industrial Commission. The determination of the degree of disability is a question of fact to be resolved by the Industrial Commission. (*A. O. Smith Corp. v. Industrial Com.* (1976), 65 Ill. 2d 224, 227; *Interlake Steel Corp. v. Industrial Com.* (1975), 60 Ill. 2d 255, 260.) Although the allowance of 2½% loss of use of both legs appears to be a rather nominal award, we cannot say that following the 64 weeks of temporary total disability this finding by the Commission is against the manifest weight of the evidence. Although the claimant cannot return to the same type of work he did prior to the injury, it is apparent that his permanent disability is not substantial; that there are many types of work in which he can engage, and that he has made no effort to find regular employment since the accident. For these reasons the judgment of the circuit court of Franklin County is affirmed.

*Judgment affirmed.*