(No. 53915.—

JOHN IVLOW, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (Westclox Division of Talley Industries, Appellee).

*Opinion filed November 20, 1981.*

Anthony C. Raccuglia & Associates, of Peru, for appellant.

O'Conor, Karaganis & Gail, Ltd., of Ottawa (Andrew J. O'Conor, Sanford R. Gail, and Bruce White, of counsel), for appellee.

MR. CHIEF JUSTICE GOLDENHERSH delivered the opinion of the court:

An arbitrator for the Industrial Commission found that petitioner, John Ivlow, sustained accidental injuries arising out of and in the course of his employment by respondent, Westclox Division of Talley Industries, and that the disabling condition was temporary and had not yet reached a permanent condition. Petitioner was awarded $105.50 per week for a period of 64 weeks and $83.20 per week for a further period of 80 6/7th weeks of temporary total incapacity. (Ill. Rev. Stat. 1977, ch. 48, par. 138.19(b).) No review was taken from this award. Approximately 13 months later a second award was entered by another arbitrator, awarding petitioner compensation for a period

of 64 weeks and for the further period of 60 weeks for the reason that he had sustained a fracture of the skull. Petitioner sought review, and the Industrial Commission modified the award by awarding an additional 47 weeks of compensation for the 20% loss of use of petitioner's right arm. In all other respects the arbitrator's award was affirmed. The circuit court of La Salle County confirmed the decision of the Commission and petitioner appealed. 73 Ill. 2d R. 302(a).

Petitioner contends that the decision of the Industrial Commission was against the manifest weight of the evidence. He argues here that the judgment should be reversed and the cause remanded to the Industrial Commission "for further proceedings as to the nature and extent of his injuries" but does not articulate any specific award he considers would be appropriate under the evidence.

The testimony shows that petitioner was thrown from a forklift and sustained injuries to his head, neck and back. He was hospitalized for a period of 13 days. He testified that upon release from the hospital he experienced difficulty in walking and suffered from dizziness. He was seen by a physician at regular intervals. He has not been employed since the injury and apparently is now receiving social security benefits. He still complains of pain in his right arm and dizziness.

A medical report offered in evidence at the second arbitration hearing stated that after "initial treatment" a diagnosis was made that petitioner had suffered a skull fracture, a moderate to severe brain concussion, severe contusions to the cervical spine and right elbow, severe sprain and contusion to the right shoulder, and a perforation of the right ear drum. In a medical report dated several days prior to the second hearing, petitioner's condition was described as "stable." The report stated that the petitioner complained of loss of balance to the right side, dizziness, discomfort in the right ear, moderate to severe pain in the right neck, and

severe fatigue. It reported that petitioner had suffered a contusion to the right neck with secondary neuralgia, showed evidence of osteoarthritic formations in the cervical spine and an old healed fracture, and also suffered from moderate to severe hypertension.

This court has repeatedly held that it is the accepted rule that it is the responsibility of the Industrial Commission to determine questions of fact, including the nature and extent of the disability suffered. (*Bishop v. Industrial Com.* (1980), 78 Ill. 2d 315.) From our examination of the record we are unable to say that the decision of the Industrial Commission is against the manifest weight of the evidence, and the judgment is therefore affirmed.

*Judgment affirmed.*