PATRICIA FLAVELL, Court-Appointed Guardian of the Estate and Person of Shelly Tonkovich, a Disabled Person, and Patricia Flavell, Indiv., Plaintiff-Appellee, v. DONALD RIPLEY, Defendant-Appellant (Arthur Voss, Defendant).

Second District   No 2—92—0732

Opinion filed August 9, 1993.

Eugene G. Doherty and Gregory P. Guth, both of Holmstrom & Kennedy, P.C., of Rockford, for appellant.

Frank A. Perrecone, of Lawrence J. Ferolie & Associates, Ltd., and John A. Sandberg, of Thomas & Hinshaw, Culbertson, both of Rockford, for appellee.

JUSTICE BOWMAN delivered the opinion of the court:

Defendant, Donald Ripley (Ripley), appeals from an order of the circuit court of Winnebago County denying his motion to reduce a judgment secured against him by plaintiff, Patricia Flavell (Flavell). It appears from the record that the trial court denied the motion because it was not timely filed.

Defendant brought his motion pursuant to section 2—1205.1 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1991, ch. 110, par. 2—1205.1). Section 2—1205.1 provides, in part, as follows:

"In all cases on account of bodily injury or death or physical damage to property, based on negligence, or product liability based on strict tort liability, to which Section 2—1205 does not apply, the amount in excess of $25,000 of the benefits provided for medical charges, hospital charges, or nursing or caretaking charges, which have been paid, or which have become payable by the date of judgment to the injured person by any other insurance company or fund in relation to a particular injury, shall be deducted from any judgment. Provided, however, that:

(1) Application is made within 30 days to reduce judgment." Ill. Rev. Stat. 1991, ch. 110, par. 2—1205.1.

The relevant facts indicate that plaintiff's ward was a passenger in an automobile driven by defendant, Arthur Voss (Voss), westbound on Rockton Road in Winnebago County, Illinois. Defendant Ripley was driving his vehicle westbound on Rockton Road some distance ahead of the Voss vehicle. Karyn S. Rossi (Rossi) and Michael P. Storms (Storms) were bicyclists riding on the north side of Rockton Road in the vicinity of the occurrence. As the Ripley and Voss vehicles approached an intersection, Ripley's vehicle either stopped or substantially reduced its speed. Voss lost control of his vehicle as it neared the Ripley vehicle and thereafter struck a utility pole at the side of the road. The ward was seriously injured as a result of the Voss vehicle striking the utility pole.

Flavell brought suit on behalf of the ward and individually under the family expense act (Ill. Rev. Stat. 1987, ch. 40, par. 1015). Voss, Ripley, Rossi, and Storms were named as defendants. Voss and Ripley filed cross-claims against each other for contribution. The court granted summary judgment motions dismissing Rossi and Storms from the lawsuit.

The cause proceeded to trial against Ripley and Voss on December 11, 1990. On December 19, 1990, the jury returned verdicts finding in favor of plaintiff and against defendant Ripley and fixing damages at $500,000 in favor of the ward, and $67,974.40 in favor of Flavell under the family expense act. The jury returned a verdict in favor of defendant Voss and against plaintiff. On January 10, 1991, the court entered judgment on the verdicts.

On January 17, 1991, plaintiff filed a post-trial motion against Voss for judgment notwithstanding the verdict, alternatively for a new trial on damages only, alternatively for a new trial on liability

only or on all issues. On January 18, 1991, defendant Ripley filed a post-trial motion requesting a directed finding in his favor, judgment notwithstanding the verdict, a new trial on liability only, or a new trial on all issues.

In ruling on all post-trial motions, the court left standing the amount of damages fixed by the jury in favor of plaintiff but found that the verdict as to liability was against the manifest weight of the evidence. The court thereupon vacated the judgments previously entered on the verdicts finding liability against Ripley and no liability against Voss. The court ordered a new trial on the issue of liability only, encompassing plaintiff's claims against Ripley and Voss as well as the cross-claims between Voss and Ripley.

The second jury trial commenced February 6, 1992. On February 11, 1992, the jury returned verdicts in favor of plaintiff and against both defendants, allocating 75% fault to Voss and 25% fault to Ripley. On February 18, 1992, plaintiff for the first time filed a motion pursuant to section 2—1303 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1203) seeking to assess interest retroactive to the original verdict returned on December 19, 1990, as to damages. On February 27, 1992, the court entered judgments on the verdicts returned February 11, 1992, and assessed interest on the verdicts retroactive to February 11, 1992.

On March 17, 1992, defendant Ripley filed a motion for a new trial and, for the first time, a motion for reduction of the judgment entered in favor of Patricia Flavell, pursuant to section 2—1205.1. The court denied all post-trial motions by order entered May 26, 1992, and defendant timely appealed.

Plaintiff asserts on appeal, as she did in the trial court, that Ripley's motion for reduction of her judgment was time barred, not having been filed within the time for filing post-trial motions following the judgment entered on damages after the first trial. The record shows that the section 2—1205.1 motion was filed approximately 15 months after the various other post-trial motions filed by Ripley following the first trial. Plaintiff characterizes the section 2—1205.1 motion as a supplement or amendment to these prior motions. Accordingly, plaintiff urges that the standard of review is whether the trial court abused its discretion in denying Ripley's motion as time barred.

■ While it is true that a trial court has discretionary power to allow a party to amend or supplement his post-trial motion with additional issues (*Frank v. Village of Barrington Hills* (1982), 106 Ill. App. 3d 747, 751), where the facts are basically uncontroverted and the real issue is the trial court's application of the law to the facts, a

question of law is presented, and the rule that a court of review may not set aside the trial court's findings unless contrary to the manifest weight of the evidence is inapplicable. (*South Suburban Safeway Lines, Inc. v. Regional Transportation Authority* (1988), 166 Ill. App. 3d 361, 365.) Because the facts before us are uncontroverted and the trial court's ruling was based on application of the meaning of section 2—1205.1 to the facts, we review the issues presented as a matter of law.

■ Section 2—1205.1 was added to the Code of Civil Procedure by omnibus legislation entitled "An act in relation to the insurance crisis" (Pub. Act 84—1431, art. 6, eff. November 25, 1986). (See Ill. Ann. Stat., ch. 110, par. 2—1205.1, Historical & Practice Notes, at 22 (Smith-Hurd Supp. 1992).) The provision is applicable to any case involving bodily injury or death, or physical damage to property, brought on a negligence or strict liability theory. According to the plain language of section 2—1205.1, the application to reduce judgment must be made within 30 days. Our research has failed to disclose any Illinois cases interpreting the 30-day limitation language of section 2—1205.1. However, the same language, "[a]pplication is made within 30 days to reduce the judgment," is contained in section 2—1205 of the Code (Ill. Rev. Stat. 1991, ch. 110, par. 2—1205), which served as a pattern for section 2—1205.1. See Ill. Ann. Stat., ch. 110, par. 2—1205.1, Historical & Practice Notes, at 22 (Smith-Hurd Supp. 1992).

The 30-day limitation language in section 2—1205 was interpreted in *Richter v. Northwestern Memorial Hospital* (1988), 177 Ill. App. 3d 247. In *Richter*, the defendant filed a motion to reduce judgment pursuant to section 2—1205 within 30 days after the trial court denied its post-trial motion for a new trial as to plaintiff's damages and six months after the jury returned its verdict. Defendant argued that the language of section 2—1205 required that such motion be brought within 30 days of the date of the denial of the post-trial motion. In rejecting this argument, the court stated: "The hospital does not provide this court with a plausible justification for allowing a setoff to be made as late as it claims to be the case, and we cannot assume that the legislature intended to give parties an additional 30 days beyond that provided for filing a post-trial motion to bring to the court's attention a matter which should have been included in such a motion." *Richter*, 177 Ill. App. 3d at 258.

Although *Richter* did not rely on any particular rules of statutory construction in reaching its decision, we find *Richter* to be persuasive that section 2—1205.1 motions, like section 2—1205 motions, must be

brought within the time for filing post-trial motions. We believe it is implicit in the plain meaning of the phrase, "application be made within 30 days to reduce judgment," that a judgment must be in existence before the 30 days start to run. That commencement of the 30-day period starts from the date of judgment is further supported by the plain language of section 2—1205.1, which provides that plaintiff's benefits be deducted from any *judgment* and that any setoff extends only to benefits paid or payable by the date of the *judgment*. We note that post-trial motions in jury cases must be filed within 30 days after the entry of judgment or within any further time the court may allow within the 30 days or any extension thereof. Ill. Rev. Stat. 1991, ch. 110, par. 2—1202.

■ While we agree that section 2—1205.1 motions must be made within the time for filing post-trial motions, we do not agree with plaintiff's argument, which apparently was accepted by the trial court, that defendant's motion in this case had to be brought within 30 days of the original judgment entered on January 10, 1991. Although the trial court allowed the judgment fixing damages to stand, it vacated the judgments previously entered as to liability and granted defendant Ripley a new trial. Where a judgment order is vacated, the effect is to leave the pleadings as if no judgment were ever entered. (*Talley v. Alton Box Board Co.* (1962) 37 Ill. App. 2d 137, 140.) As a matter of fact and law, after the court granted Ripley a new trial on the liability issue, Ripley had no liability to plaintiff for any part of the judgment fixing plaintiff's damages. We therefore believe the defendant is correct in his argument because the motion to reduce judgment filed March 17, 1992, was a timely, first post-judgment motion prompted by the February 27, 1992, judgment on liability. To hold otherwise would require Ripley to file a motion to reduce damages on a judgment for which he has not been found legally liable.

The judgment of the circuit court is reversed and the cause remanded for further proceedings.

Reversed and remanded.

INGLIS, P.J., and UNVERZAGT, J., concur.