*In re* MARRIAGE OF MICHELLE ARMSTRONG, n/k/a Michelle Hale, Petitioner-Appellee, and DONALD ARMSTRONG, Respondent-Appellant.

Third District   No. 3—92—0964

Opinion filed December 23, 1993.

John R. Heying, of Heying & Watts, of Naperville, for appellant.

Keith R. Leigh, of Pool & Leigh, of Ottawa, for appellee.

JUSTICE BRESLIN delivered the opinion of the court:

On January 5, 1989, the trial court entered a judgment for dissolution of the marriage of the respondent, Donald Armstrong, and the petitioner, Michelle Armstrong, n/k/a Michelle Hale. The judgment was based on a settlement agreement. In June 1992, the court granted Michelle's petition to vacate the judgment because of fraudulent concealment of assets at the time the agreement was entered into. Donald appeals. We affirm.

The record shows that on August 10, 1990, Michelle filed a petition to modify the dissolution judgment. She alleged that Donald had failed to disclose property purchased before the dissolution judgment. Specifically, she alleged that on July 20, 1988, Donald acquired certain real estate on Caton Street in Ottawa, Illinois, without her knowledge. She further alleged that the real estate was acquired in the name of Thomas G. Armstrong, Donald's son, and that two months after the dissolution became final Thomas conveyed the title by quitclaim deed to Donald.

From September 17, 1990, to February 8, 1991, the cause was continued seven times. Donald's failure to appear for the hearing accounted for five of the continuances. A body attachment order was entered twice against Donald, but he never appeared on the petition. The petition to modify was never ruled on by the trial court.

Michelle filed a petition to vacate the dissolution judgment on June 16, 1992. She alleged that Donald fraudulently failed to mention the Caton Street property at the time of the settlement agreement.

At the hearing on the petition in September 1992, Michelle testified that she first learned of the Caton Street property in August of 1990, after the settlement agreement had been reached and the dissolution judgment had been entered. She admitted that other than filing the petition to modify, she did nothing more about the fraud until she filed the petition to vacate.

Mary Eichelkraut, a real estate broker, testified that in the spring of 1988 Donald told her that he was trying to buy the Caton Street property. Prior to closing the transaction, he told her that the property was going to be in his son's name.

Scott Armstrong, the respondent's son, testified that Donald asked him to put the Caton Street property in his name if the sale occurred before Donald's divorce. The exhibits confirmed that Donald executed a real estate contract for the property on January 30, 1988, in his name, that title was placed in the name of Donald's son, Thomas G. Armstrong, in June of 1988, and that Thomas transferred the property by quitclaim deed to Donald on March 9, 1989.

Scott also testified that in November of 1988, Donald told him that he was awaiting a commission check from the sale of a farm. The record shows that Donald received a check dated January 5, 1989, from the sale in the amount of $9,116.43. Donald testified that he failed to disclose the commission to Michelle or the trial court.

Thereafter, the court vacated all of the judgment except the marriage dissolution and the custody determination. On appeal, Donald argues that the court erred because Michelle failed to exercise due diligence in seeking to vacate the marriage judgment.

Section 2—1401 of the Code of Civil Procedure permits parties to seek relief from final orders and judgments, after 30 days from the entry thereof, upon petition supported by affidavit or other appropriate showing as to matters not of record. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1401.) The petition must be filed within two years of the entry of the judgment complained of, but the time during which the ground for relief is fraudulently concealed is excluded in computing the two-

year period. *Lubbers v. Norfolk & Western Ry. Co.* (1984), 105 Ill. 2d 201, 473 N.E.2d 955.

The elements required to establish a section 2—1401 claim for relief are: (1) the existence of a meritorious claim or defense; (2) due diligence in presenting the claim to the circuit court in the original action; and (3) due diligence in filing the section 2—1401 petition. (*In re Marriage of Halas* (1988), 173 Ill. App. 3d 218, 527 N.E.2d 474.) Due diligence requires that a petitioner have a reasonable excuse for failing to act within the appropriate time of the original judgment. (*Smith v. Airoom, Inc.* (1986), 114 Ill. 2d 209, 499 N.E.2d 1381.) The requirement of due diligence, however, need not be rigidly enforced when fraud or unconscionable behavior is shown. (*In re Marriage of Lindjord* (1992), 234 Ill. App. 3d 319, 600 N.E.2d 431.) Finally, motions for relief from judgments are within the sound discretion of the trial court and will not be overturned absent an abuse of discretion. *In re Marriage of Frazier* (1990), 203 Ill. App. 3d 847, 561 N.E.2d 160.

In the instant case, Michelle said she first became aware of the fraud in August of 1990. She acted on this information on August 10, 1990, by filing a petition to modify judgment. Although she never obtained a ruling on the petition, much of the blame must be attributed to Donald for his failure to appear at the hearings. Michelle then filed a petition to vacate judgment on June 16, 1992. A hearing on the motion was held in which the evidence established concealment of assets and a meritorious claim for fraud.

In light of the above facts, we find that the trial court did not abuse its discretion in granting the petition to vacate. The petition was filed within two years of Michelle's discovery of the fraud, and we believe that Michelle took sufficient action to meet the requirement of due diligence. Therefore, we affirm the decision of the circuit court of La Salle County.

Affirmed.

SLATER and STOUDER, JJ., concur.