*In re* MARRIAGE OF MICHELLE R. ARMSTRONG HALE, Petitioner-Appellee and Cross-Appellant, and DONALD J. ARMSTRONG, Respondent-Appellant and Cross-Appellee.

Third District   No. 3—95—0460

Opinion filed March 1, 1996.

Frank P. Andreano (argued), of Joliet, for appellant.

Darrell K. Seigler (argued), of Ottawa, for appellee.

PRESIDING JUSTICE BRESLIN delivered the opinion of the court:

The primary issue raised by this appeal is whether a trial court may assign present values to marital property when the court redistributes the property after vacating a dissolution judgment. We hold that trial courts have discretion in such instances to distribute marital property according to present values. Therefore, we affirm the trial court's decision on this issue; we also affirm as to the other issues raised on appeal.

The trial court dissolved the six-year marriage between the petitioner, Michelle Hale, and the respondent, Donald Armstrong, by judgment entered in January 1989. The judgment ordered the parties' property distributed according to the terms of a property settlement agreement; accordingly, the trial court placed no values on the property.

In August 1990, Michelle filed a motion to vacate the dissolution judgment pursuant to section 2—1401 of the Code of Civil Procedure (735 ILCS 5/2—1401 (West 1992)). Her petition alleged that Donald concealed his interest in a parcel of real estate, as well as his receipt of a real estate commission earned during the marriage. After several delays, the trial court heard Michelle's section 2—1401 petition in September 1992 and found that Donald did conceal assets. The court thus vacated the property division portion of the dissolution judgment, but left the dissolution intact, primarily because Michelle had since remarried. Donald appealed the court's decision and we affirmed. See *In re Marriage of Armstrong*, 255 Ill. App. 3d 844, 625 N.E.2d 1108 (1993).

The trial court then reopened the matter for hearings on the property division issue. The court made two pretrial rulings relevant to this appeal. First, the court decided that it would consider evidence of present property values when redistributing the parties' property. Second, the court ruled that rents and option payments Donald acquired following the original dissolution would be treated as marital property. Donald received these payments by leasing, and selling an option to purchase, a parcel of real estate (the Prospect Street property) he acquired as a result of the dissolution judgment.

Although Donald used some of the rents before the vacation order was entered, the trial court ordered the amounts received after the order was entered to be placed in an escrow account for subsequent division.

At trial, the parties stipulated to their financial circumstances. Donald, who was in his 50s, reported that he was not employed and that he received social security payments in the amount of $13,300 per year. Donald also testified that he was entitled to a monthly retirement pension of about $1,000 upon reaching age 65. Michelle, who was in her 30s, reported a yearly net income of $15,181 as an employee of the City of Kent, Washington. The court found no evidence that Michelle's earnings were likely to increase in the future.

The trial court determined that an equal division of the marital assets was appropriate. The court awarded Donald two parcels of real estate according to their present values and credited the rents Donald had already used to his share of the marital property. Michelle was awarded the rents and option payments which were preserved in escrow after the vacation order was entered. The court also ordered the Prospect Street property sold, with its proceeds split between the parties.

Finally, the court ordered Donald to pay $12,000 of the approximately $34,800 in attorney fees Michelle incurred as a result of the section 2—1401 and property division proceedings. In ordering Donald to pay that amount, the court found that neither party was in a better position to pay the fees, but that Donald's fraud necessitated the proceedings to set aside the original property division. The court refused, however, to require Donald to pay the fees Michelle incurred during the property division proceedings.

Donald raises three issues on appeal: first, whether the trial court erred by valuing the real estate according to present values; second, whether the court erred by treating the rents and option payments as marital property; and third, whether an equal division of the marital assets was equitable.

We turn first to the question of the proper date of valuation for the parties' real estate. The reason this question is important is that Donald apparently believes that the real estate appreciated from the time of the original dissolution to the date of the property division trial. (There is no evidence in the record to support this, but it is logical that the properties have indeed appreciated to some extent.) If the trial court was constrained to value the property as of the date of the original dissolution, then Donald, as recipient of the property upon redistribution, would take the appreciation as his own nonmarital property.

We have found no cases that discuss what the proper date for valuing marital property should be when a trial court vacates the property division portion of a dissolution judgment pursuant to section 2—1401 and subsequently retries the property division issue. Nor does the relevant statute, section 503 of the Illinois Marriage and Dissolution of Marriage Act (Act) (750 ILCS 5/503 (West 1992)), supply a rule to follow in this situation.[1] Therefore, we must fashion a rule that effectuates the principles underlying both section 503 of the Act and section 2—1401.

■ When part of a judgment is vacated, the effect is to leave the case as if that part of the judgment had never been entered. See *Flavell v. Ripley*, 247 Ill. App. 3d 842, 617 N.E.2d 1342 (1993). In this case, then, the vacation of the dissolution judgment's property division left the case as if a dissolution judgment had been entered but the property issues had yet to be resolved. This is somewhat analogous to a bifurcated proceeding in which a trial court enters a dissolution judgment upon finding grounds for divorce and leaves the resolution of economic issues for a later date. The analogy is not perfect, however, because here Donald's fraud caused the delay between the entry of the dissolution judgment and the determination of economic issues, whereas, in bifurcated proceedings, the delay is usually not the product of one party's wrongdoing.

Donald nonetheless seizes upon this analogy and argues that the rule for valuing property in bifurcated proceedings should be applied under these facts. Courts in bifurcated proceedings follow the general rule that marital property is to be valued as of the date the dissolution judgment is entered. *In re Marriage of Brooks*, 138 Ill. App. 3d 252, 486 N.E.2d 267 (1985); *In re Marriage of Rossi*, 113 Ill. App. 3d 55, 446 N.E.2d 1198 (1983). The application of this rule would result in Donald taking the real estate's appreciated value as his nonmarital property.

We think such a result would be inconsistent with the purposes underlying section 503 of the Act and section 2—1401. A primary purpose behind section 503's enactment was to empower courts to order a just distribution of marital assets. *Hofmann v. Hofmann*, 94 Ill. 2d 205, 446 N.E.2d 499 (1983). Section 2—1401 provides a means by

---

[1] Section 503(h) directs trial courts in remanded cases to use the property values made at the original trial unless directed otherwise by a reviewing court or upon good cause shown. 750 ILCS 5/503(h) (West 1992). This provision is inapplicable to the case at bar because the trial court did not place values on the property in question at the time of the original dissolution proceeding. We express no opinion on whether section 503(h) would apply in cases similar to this where a prior assessment has been made.

which parties may obtain relief from judgments which would not have been entered had the trial court been apprised of the true facts of a case. *In re Marriage of Hoppe*, 220 Ill. App. 3d 271, 580 N.E.2d 1186 (1991). Section 2—1401 must be construed broadly to provide such relief as the ends of justice require. *Electrical Wholesalers, Inc. v. Silverstein*, 47 Ill. App. 3d 689, 365 N.E.2d 375 (1977).

The application of the general property valuation rule in cases like the one at bar would allow parties who fraudulently obtain marital property to profit from their wrongdoing. Such a result would be inconsistent with the statutory purposes stated above. Accordingly, we reject Donald's invitation to treat this case like a bifurcated proceeding. Instead, we hold that, when a trial court vacates the property division of a dissolution judgment pursuant to section 2—1401, the court may in its discretion value marital property as of the date of the post-vacation hearing on property issues. This rule will not only allow for a just distribution of marital property, but will also deter parties from attempting to wrongfully manipulate the judicial process.

Under this rule, the trial court was within its discretion in this case to value the parties' real property as of the date of the hearing on the property division issue. Donald held the real property as his own following the entry of the dissolution judgment; yet, since the judgment was the product of Donald's fraud, his control over such property was improper. Therefore, the trial court correctly determined that Michelle was as entitled to the property's appreciation as Donald was, and the court was within its bounds to distribute the appreciation accordingly.

The same analysis applies to the court's decision to distribute the rents and option payments as marital property. Donald acquired these funds by leasing the Prospect Street property, which was marital property that he acquired through fraud. In order to prevent Donald from profiting from his fraud, the trial court was allowed to include the rents and option payments within the scope of the parties' marital property.

Donald also argues that an equal division of the parties' marital property is inequitable under the facts of this case.

■ Section 503 of the Act provides that the trial court is to divide the marital property in just proportions taking into account several factors, including the contribution of each party to the acquisition of the marital or nonmarital property; the duration of the marriage; the parties' relevant economic circumstances; the age, health, occupation and needs of each party; and the parties' reasonable opportunity for future acquisition of assets and income. 750 ILCS

5/503(d) (West 1992). A trial court's property division will not be reversed absent an abuse of discretion. *In re Marriage of Eidson*, 235 Ill. App. 3d 907, 601 N.E.2d 298 (1992).

We find no reason to disturb the trial court's property division. Although the marriage was of relatively short duration and Donald was unemployed and near retirement, the trial court found that the parties' future earning capacity was nearly identical. Under these facts, it was within the trial court's discretion to distribute the marital property equally between the parties.

■ On cross-appeal, Michelle argues that the trial court committed error by holding Donald accountable for only $12,000 of the approximately $34,800 in attorney fees she incurred as a result of these proceedings.

In dissolution of marriage proceedings, trial courts may apportion attorney fees under section 508 of the Act (750 ILCS 5/508 (West 1992)). Under section 508(a), a trial court may, after considering the financial resources of the parties, order one party to pay the other's attorney fees in connection with, *inter alia*, the maintenance of a petition brought under section 2—1401. See 750 ILCS 5/508(a)(4) (West 1992). In determining whether to award attorney fees, the trial court may consider a party's misconduct. See *In re Marriage of Cotton*, 103 Ill. 2d 346, 469 N.E.2d 1077 (1984). The primary consideration, however, is whether the party seeking fees has demonstrated both her own inability to pay and the other's ability to do so. *In re Marriage of Kading*, 150 Ill. App. 3d 623, 501 N.E.2d 971 (1986). A trial court's award of attorney fees under section 508(a) will not be reversed absent an abuse of discretion. *In re Marriage of Phillips*, 244 Ill. App. 3d 577, 615 N.E.2d 1165 (1993).

In the case before us, the trial court found that Donald was not in a better financial position than Michelle to pay Michelle's fees. The court found, however, that since Donald's misconduct led to the section 2—1401 proceedings, he should be held accountable for a portion of Michelle's fees. The court fixed the amount at $12,000, which roughly comports with what Michelle incurred by bringing her section 2—1401 petition.

Michelle's position on appeal is that Donald's misconduct necessitated not only the section 2—1401 proceedings, but also the hearings relating to the division of the parties' property. Thus, Michelle argues, Donald should be held accountable for all of her fees.

In view of the fact that Donald was in no better position than Michelle to pay her fees, the trial court was under no obligation to assess all of Michelle's fees against Donald. Moreover, as the trial court pointed out, Michelle benefitted from the reopening of the case

and subsequent property division in that she was given far more property than she received as a result of the original dissolution. Therefore, it was not an abuse of discretion under the facts of this case to assess only a portion of Michelle's fees against Donald.

For the foregoing reasons, we affirm the judgment of the circuit court of La Salle County.

Affirmed.

McCUSKEY and SLATER, JJ., concur.