NATIONAL BANK OF MONMOUTH, Plaintiff-Appellee, v. MULTI NATIONAL INDUSTRIES, INC., *et al.*, Defendants-Appellants (Marsha Fesler Newman, Garnishee).

Third District   No. 3—95—0763

Opinion filed February 27, 1997.

Robert M. Musselman (argued), of Charlottesville, Virginia, for appellants.

Richard L. Whitman, Sr. (argued), of Monmouth, for appellee.

JUSTICE LYTTON delivered the opinion of the court:

This case involves an intricate maze of legal maneuvering in the state and federal courts. We are now faced with putting the final piece of this puzzle into place.

## PROCEDURAL HISTORY

Monty P. McClellan is a physician who worked at the M&S Medical Center, S.C. (Center). He had a vested interest in the Center's pension and profit-sharing qualified plans (plan); the plan was subject to the provisions of the federal Employee Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. § 1001 *et seq.* (Supp. 1975)).

The bank received a $150,145.53 default judgment against McClellan on February 9, 1984, and subsequently obtained a nonwage garnishment order. A few days later, both McClellan and the Center filed for bankruptcy, and a bankruptcy trustee was appointed. The bankruptcy court ordered the plan's custodian to turn the plan funds over to the trustee, who used them, in part, to satisfy claims from other employees of the Center.

On August 7, 1992, McClellan filed a "Motion for Distribution of Exempt Property" seeking recovery of the remaining plan funds from the trustee. The bank objected, claiming that the distribution request was barred by the garnishment order. The bankruptcy court denied McClellan's motion, finding that the funds were part of the bankruptcy estate. Both parties appealed this decision to the United States District Court, which affirmed. McClellan then appealed to the United States Court of Appeals for the Seventh Circuit, and the bank cross-appealed.

On January 6, 1995, the seventh circuit reversed the district court, retroactively applying the decision in *Patterson v. Shumate*, 504 U.S. 753, 119 L. Ed. 2d 519, 112 S. Ct. 2242 (1992). In *Patterson*, the Supreme Court held that assets in ERISA-qualified plans never become part of a bankruptcy estate. *Patterson*, 504 U.S. at 760, 119 L. Ed. 2d at 528, 112 S. Ct. at 2248. Accordingly, the seventh circuit held that the bankruptcy court did not have subject matter jurisdiction over the plan or its assets and could not order the funds to be turned over to the trustee.

On March 29, 1995, the trustee had $81,281.44 of the original plan funds. The bank revived its default judgment against McClellan and filed an affidavit for a nonwage garnishment. McClellan then filed a motion in the bankruptcy court seeking a direct rollover of the funds into his individual retirement account (IRA). On June 13, 1995, the bankruptcy judge found that the trustee had no interest in the funds and ordered her to turn them over as directed by the Illinois

trial court in the garnishment action. An appeal was taken to the federal district court.

Meanwhile, on September 25, 1995, the state trial court ordered that the funds be turned over to the bank. McClellan appealed the trial court's order to this court.

On October 31, 1995, the federal district court vacated the bankruptcy court's order as void for want of jurisdiction. McClellan appealed that decision to the seventh circuit; we stayed the instant appeal until after the seventh circuit affirmed the district court on November 7, 1996.

## ILLINOIS APPELLATE COURT JURISDICTION

■ The seventh circuit's November 7 ruling vacated the bankruptcy court's June 13, 1995, order, holding that the court lacked subject matter jurisdiction to order the transfer of the funds. The seventh circuit concluded, "[A]ll that remains is the Bank's original state court garnishment action. *** When all is said and done, the proper forum to hear [McClellan's] appeal of the state court's decision is the Illinois Appellate Court." We agree and now address the merits of the instant appeal.

## THE PLAN FUNDS

■ McClellan argues that the plan funds remain protected from garnishment by the anti-alienation provisions of ERISA. See 29 U.S.C. § 1056(d) (1982). The bank objects, contending that since the funds were taken by the trustee, they are no longer protected by ERISA and may be garnished.

"The antialienation provision required for ERISA qualification *** constitutes an enforceable transfer restriction for purposes of *** exclusion of property from the bankruptcy estate." *Patterson*, 504 U.S. at 760, 119 L. Ed. 2d at 528, 112 S. Ct. at 2248. A bankruptcy court thus has no subject matter jurisdiction over ERISA funds. See, *e.g.*, *In re Hagel*, 171 Bankr. 686, 688 (D. Mont. 1994), *aff'd*, 184 Bankr. 793 (9th Cir. 1995). Every act of a court without subject matter jurisdiction is void. *In re M.M.*, 156 Ill. 2d 53, 64, 619 N.E.2d 702, 709 (1993). Void orders are a complete nullity from their inception and have no legal effect. *In re Application of the Cook County Collector for Judgment & Sale Against Lands & Lots Returned Delinquent for Nonpayment of General Taxes for the Year 1985 & Petition for Tax Deed of Barnard*, 228 Ill. App. 3d 719, 731, 593 N.E.2d 538, 547 (1991). Such orders may not change the status of a case. See *In re Marriage of Hale*, 278 Ill. App. 3d 53, 56, 662 N.E.2d 180, 183 (1996).

Here, the plan funds never became part of the bankruptcy estate. The bankruptcy court lacked subject matter jurisdiction over the

plan and exceeded its authority by ordering the assets turned over to the trustee. The bankruptcy court's void transfer order did not and could not vitiate the anti-alienation protection provided by ERISA. See *Ellis National Bank v. Irving Trust Co.*, 786 F.2d 466, 468 n.2 (2d Cir. 1986) (stating in *dicta* that ERISA protection does not end even if the funds are moved under court order). The bank is not entitled to possession of the remaining funds.

Plan funds can lose their protection if they are distributed without being rolled over into another ERISA-qualified account within the requisite time (see *Tenneco, Inc. v. First Virginia Bank*, 698 F.2d 688, 691 (4th Cir. 1983)). However, the funds in this case have not been distributed to McClellan or his representative. McClellan's motion for distribution requested a rollover directly into his IRA, which is not subject to garnishment in Illinois. See 735 ILCS 5/12—1006 (West 1992). Under the circumstances of this case, this option remains viable.

Congress intended ERISA "to safeguard a stream of income for pensioners (and their dependents, who may be, and perhaps usually are, blameless), even if that decision prevents others from securing relief for the wrongs done them. If exceptions to this policy are to be made, it is for Congress to undertake that task." *Guidry v. Sheet Metal Workers National Pension Fund*, 493 U.S. 365, 376, 107 L. Ed. 2d 782, 795, 110 S. Ct. 680, 687 (1990).

## CONCLUSION

For the reasons stated, the judgment of the circuit court of Warren County is reversed and remanded.

Reversed and remanded.

HOLDRIDGE and McCUSKEY, JJ., concur.