No. 3 95 0763

_________________________________________________________________

                                  IN THE

                        APPELLATE COURT OF ILLINOIS

                              THIRD DISTRICT

                                A.D., 1997

NATIONAL BANK OF MONMOUTH,    )    Appeal from the Circuit Court

                              )    of the 9th Judicial Circuit

     Plaintiff-Appellee,      )    Warren County, Illinois

                              )

     v.                       )

                              )

MULTI NATIONAL INDUSTRIES,    )    No. 83 L 35

INC., MONTY P. McCLELLAN,     )

                              )

     Defendants-Appellants,   )

                              )

MARSHA FESLER NEWMAN,         )    Honorable

                              )    Patricia A. Walton

     Garnishee.               )    Judge, Presiding.

                              )

_________________________________________________________________

JUSTICE LYTTON delivered the opinion of the court:

_________________________________________________________________

     This case involves an intricate maze of legal maneuvering in

the state and federal courts.  We are now faced with putting the

final piece of this puzzle into place.

                            PROCEDURAL HISTORY

     Monty P. McClellan is a physician who worked at the M & S

Medical Center, S.C. (Center).  He had a vested interest in the

Center's pension and profit-sharing qualified plans (plan); the

plan was subject to the provisions of the federal Employee

Retirement Income Security Act of 1974 (ERISA) (29 U.S.C. §1001 et

seq. (1975)).

     The bank received a $150,145.53 default judgment against

McClellan on February 9, 1984, and subsequently obtained a non-wage

garnishment order.  A few days later, both McClellan and the Center

filed for bankruptcy, and a bankruptcy trustee was appointed.  The

bankruptcy court ordered the plan's custodian to turn the plan

funds over to the trustee, who used them, in part, to satisfy

claims from other employees of the Center.

     On August 7, 1992, McClellan filed a "Motion for Distribution

of Exempt Property" seeking recovery of the remaining plan funds

from the trustee.  The bank objected, claiming that the

distribution request was barred by the garnishment order.  The

bankruptcy court denied McClellan's motion, finding that the funds

were part of the bankruptcy estate.  Both parties appealed this

decision to the United States District Court, which affirmed. 

McClellan then appealed to the United States Court of Appeals for

the Seventh Circuit, and the bank cross-appealed.

     On January 6, 1995, the Seventh Circuit reversed the district

court, retroactively applying the decision in Patterson v. Shumate,

504 U.S. 753, 119 L. Ed. 2d 519, 112 S. Ct. 2242 (1992).  In

Patterson, the Supreme Court held that assets in ERISA-qualified

plans never become part of a bankruptcy estate.  Patterson, 504

U.S. at 759, 119 L. Ed. 2d at 528, 112 S. Ct. at 2247. 

Accordingly, the Seventh Circuit held that the bankruptcy court did

not have subject matter jurisdiction over the plan or its assets

and could not order the funds to be turned over to the trustee.

     On March 29, 1995, the trustee had $81,281.44 of the original

plan funds.  The bank revived its default judgment against

McClellan and filed an affidavit for a non-wage garnishment. 

McClellan then filed a motion in the bankruptcy court seeking a

direct rollover of the funds into his individual retirement account

(IRA).  On June 13, 1995, the bankruptcy judge found that the

trustee had no interest in the funds and ordered her to turn them

over as directed by the Illinois trial court in the garnishment

action.  An appeal was taken to the federal district court.

     Meanwhile, on September 25, 1995, the state trial court

ordered that the funds be turned over to the bank.  McClellan

appealed the trial court's order to this court.

     On October 31, 1995, the federal district court vacated the

bankruptcy court's order as void for want of jurisdiction. 

McClellan appealed that decision to the Seventh Circuit; we stayed

the instant appeal until after the Seventh Circuit affirmed the

district court on November 7, 1996.

                   ILLINOIS APPELLATE COURT JURISDICTION

     The Seventh Circuit's November 7 ruling vacated the bankruptcy

court's June 13, 1995, order, holding that the court lacked subject

matter jurisdiction to order the transfer of the funds.  The

Seventh Circuit concluded, "[A]ll that remains is the Bank's

original state court garnishment action.  ***  When all is said and

done, the proper forum to hear [McClellan's] appeal of the state

court's decision is the Illinois Appellate Court."  We agree and

now address the merits of the instant appeal.

                                     

                              THE PLAN FUNDS

     McClellan argues that the plan funds remain protected from

garnishment by the anti-alienation provisions of ERISA.  See 29

U.S.C. §1056(d) (1982).  The bank objects, contending that since

the funds were taken by the trustee, they are no longer protected

by ERISA and may be garnished.

     "The anti-alienation provision required for ERISA

qualification *** constitutes an enforceable transfer restriction

for purposes of *** exclusion of property from the bankruptcy

estate."  Patterson, 504 U.S. at 760, 119 L. Ed. 2d at 528, 112 S.

Ct. at 2248.  A bankruptcy court thus has no subject matter

jurisdiction over ERISA funds.  See, e.g., In re Hagel, 171 B.R.

686, 688 (Bankr. D. Mont. 1994), aff'd, 184 B.R. 793 (Bankr. 9th

Cir. 1995).  Every act of a court without subject matter

jurisdiction is void.  In re M.M., 156 Ill. 2d 53, 64, 619 N.E.2d

702, 709 (1993).  Void orders are a complete nullity from their

inception and have no legal effect.  In re Application of Cook

County Collector, 228 Ill. App. 3d 719, 731, 593 N.E.2d 538, 547

(1991).  Such orders may not change the status of a case.  See In

re Marriage of Hale, 278 Ill. App. 3d 53, 56, 662 N.E.2d 180, 183

(1996).

     Here, the plan funds never became part of the bankruptcy

estate.  The bankruptcy court lacked subject matter jurisdiction

over the plan and exceeded its authority by ordering the assets

turned over to the trustee.  The bankruptcy court's void transfer

order did not and could not vitiate the anti-alienation protection

provided by ERISA.  See Ellis National Bank of Jacksonville v.

Irving Trust Co., 786 F. 2d 466, 468 n.2 (2d Cir. 1986) (stating in

dicta that ERISA protection does not end even if the funds are

moved under court order).  The bank is not entitled to possession

of the remaining funds.

     Plan funds can lose their protection if they are distributed

without being rolled over into another ERISA-qualified account

within the requisite time (see Tenneco, Inc. v. First Virginia Bank

of Tidewater, 698 F. 2d 688, 691 (4th Cir. 1983)).  However, the

funds in this case have not been distributed to McClellan or his

representative.  McClellan's motion for distribution requested a

rollover directly into his IRA, which is not subject to garnishment

in Illinois.  See 735 ILCS 5/12-1006 (West 1992).  Under the

circumstances of this case, this option remains viable.

     Congress intended ERISA "to safeguard a stream of income for

pensioners (and their dependents, who may be, and perhaps usually

are, blameless), even if that decision prevents others from

securing relief for the wrongs done them.  If exceptions to this

policy are to be made, it is for Congress to undertake that task." 

Guidry v. Sheet Metal Workers National Pension Fund, 493 U.S. 365,

376, 107 L. Ed. 2d 782, 795, 110 S. Ct. 680, 687 (1990).

                                CONCLUSION

     For the reasons stated, the judgment of the circuit court of

Warren County is reversed and remanded.

     Reversed and remanded.

     HOLDRIDGE and McCUSKEY, JJ., concur.