NO. 5-96-0228WC

IN THE 

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

INDUSTRIAL COMMISSION DIVISION

_________________________________________________________________

EDWARD KRANTZ,                        )  Appeal from the 

                                      )  Circuit Court of

      Appellant,                      )  Saline County.

                                      )

v.                                    )  No. 94-MR-178

                                      )

THE INDUSTRIAL COMMISSION 
et al.
      )  Honorable

(Sahara Coal Company, Inc., Appellee).)  Bruce D. Stewart, 

                                      )  Judge, presiding.

_________________________________________________________________

JUSTICE RARICK delivered the opinion of the court:

Claimant, Edward Krantz, sought benefits pursuant to the Workers' Compensation Act (the Act) (820 ILCS 305/1 
et seq.
 (West 1994)) for injuries sustained while in the employ of Sahara Coal Company (Sahara Coal).  Krantz, a maintenance repairman, was injured on November 10, 1987, while working on a conveyor when a large rock fell, pinning his knees against the conveyor.

On October 28, 1991, the arbitrator found claimant, Edward Krantz, to be permanently partially disabled (PPD) to the extent of 40% of the person as a whole and entered an award pursuant to section 8(d)(2) of the Act (820 ILCS 305/8(d)(2) (West 1994)).  Claimant sought review before the Industrial Commission (the Commission), which increased the award to 75% of the person as a whole.  Sahara Coal appealed to the circuit court of Saline County, which on December 7, 1993, confirmed the decision of the Commission.  On January 10, 1994, claimant filed a petition for compensation and attorney fees with the Commission, seeking attorney fees and penalties pursuant to sections 19(l) and 19(k) of the Act (820 ILCS 305/19(l)(k) (West 1994)).

In his petition, claimant argued that Sahara Coal's appeal to the circuit court did not present a real controversy but was merely frivolous and made for the purpose of delay.  The basis for this allegation was the fact that Sahara Coal's appeal argued only that the Commission erred in increasing the PPD award to 75%, and that Sahara Coal's failure to tender the undisputed portions of the award during the pendency of the appeal constituted an unreasonable and vexatious delay in the payment of benefits.

The Commission ruled that the provisions of section 16 (820 ILCS 305/16 (West 1994)) and section 19(k) did not apply to proceedings before the circuit court.  The circuit court confirmed.

The question before us, which appears to be one of first impression, is whether the Commission has the authority to determine whether an appeal to the circuit court is frivolous or made for the purpose of delay and, if so, to award penalties and costs thereon.  Krantz argues that 
A.O. Smith Corp. v. Industrial Comm'n
, 65 Ill. 2d 224, 357 N.E.2d 539 (1976), and the plain language of the statute authorize the Commission to grant such relief.  He maintains that limiting the application of sections 16, 19(k), and 19(l) to proceedings at the administrative level would encourage frivolous and unfounded appeals to the circuit court.  Sahara Coal counters that section 19 of the Act does not authorize the Commission to consider pleadings or matters which took place in the circuit court, and that such a construction would give the Commission power to review judicial proceedings, which it does not have.  Sahara Coal maintains that Supreme Court Rule 137 (134 Ill. 2d R. 137) provides the proper remedy to parties subjected to frivolous appeals in the circuit court.  Krantz replies that Supreme Court Rule 137 does not preempt sections 16 and 19 of the Act but only provides an alternate remedy to claimants.  Given the facts of this case, we agree with Sahara Coal and affirm the circuit court's judgment.

We first note that the Commission has the power to enter section 19(k) awards, as well as section 19(l) awards and attorney fees, even after its initial jurisdiction has ended.  
Board of Education of City of Chicago v. Industrial Comm'n
, 351 Ill. 128, 130-31, 184 N.E. 202, 203 (1932).  We also note that it has been uniformly held that it is the function of the Commission to determine whether an employer has engaged in unreasonable or vexatious delay and award penalties thereon.  See, 
e.g., Consolidated Freightways, Inc. v. Industrial Comm'n
, 136 Ill. App. 3d 630, 633, 483 N.E.2d 652, 654 (1985).  However, the question before us is much narrower:  do sections 16 and 19(k) of the Act authorize the Commission to award penalties for vexatious delay when that delay is based on the taking of an alleged frivolous appeal in the circuit court?  We hold that the Commission does not have such power, and claimants must seek such relief pursuant to Supreme Court Rule 137.

The penalty provisions of the Workers' Compensation Act provide in pertinent part:

"Whenever the Commission shall find that the employer, his or her agent, service company or insurance carrier has been guilty of delay or unfairness towards an employee in the adjustment, settlement or payment of benefits due such an employee within the purview of the provisions of paragraph (c) of Section 4 of this Act; or has been guilty of unreasonable or vexatious delay, intentional under-payment of compensation benefits, or has engaged in frivolous defenses which do not present a real controversy, within the purview of the provisions of paragraph (k) of Section 19 of this Act, the Commission may assess all or any part of the attorney's fees and costs against such employer and his or her insurance carrier."  820 ILCS 305/16 (West 1994).  

"In case where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award."  820 ILCS 305/19(k) (West 1994). 

Krantz points to the plain language of sections 16 and 19(k) which allows the Commission to award penalties for any unreasonable or vexatious delay of payment or where proceedings have been instituted or carried on by the employer where they do not present a real controversy bur are merely frivolous or for delay, and Krantz argues that as the language does not limit such relief to proceedings at the administrative level, it must include undue delay for meritless appeals in the circuit court.  We recognize that the Commission has original jurisdiction to decide all disputed questions of fact arising under the Act.  See 
Tal Rauhoff Construction Co. v. Industrial Comm'n
, 149 Ill. App. 3d 892, 897, 501 N.E.2d 295, 299 (1986).  However, we cannot find that the Commission's power extends to consideration of pleadings and matters which take place in the circuit court.  In this regard, we note that Krantz's petition for additional compensation and attorney fees cited to the circuit court's affirmance of the PPD award and attached the briefs that were filed in the circuit court.  In order to determine whether Sahara Coal's appeal to the circuit court was meritless and taken only for purposes of delay, the Commission would have to look to the circuit court's final judgment and the underlying merits of the appeal.  This would amount to a review of judicial proceedings, clearly beyond the Commission's statutory powers.  As our supreme court has noted:

"`The commission is an administrative body created by legislative enactment for the purpose of administering the Workmen's Compensation act.  It is not a court and has no inherent powers of a court.  It is a non-judicial body.  It can only make such orders as are within the powers granted to it by the General Assembly.'"  
Michelson v. Industrial Comm'n
, 375 Ill. 462, 466-67, 31 N.E.2d 940, 942 (1941) (quoting 
Trigg v. Industrial Comm'n
, 364 Ill. 581, 587, 5 N.E.2d 394, 397 (1936)).

Krantz also relies on 
A.O. Smith
 in support of his position that the Commission may award penalties where an employer files a frivolous appeal in the circuit court in order to delay the payment of compensation.  In 
A.O. Smith
, claimant received an award for the partial loss of the use of his right hand.  The Commission increased the amount of the award.  The employer sought review before the circuit court, and the employee sought penalties pursuant to section 19(k).  The circuit court confirmed the Commission's award and declined to impose section 19(k) penalties.  Employer appealed and claimant cross-appealed the circuit court's dismissal of his section 19(k) petition.  After noting that section 19(k) provides explicitly that the "Commission may award" additional compensation, our supreme court held that the circuit court did not err in dismissing the petition where the claimant did not seek remandment to the Commission for that purpose but simply asked the circuit court to impose section 19(k) penalties.  
A.O. Smith
, 65 Ill. 2d at 228, 357 N.E.2d at 540-41.

A.O. Smith
 is inapposite as there is no indication that claimant sought penalties on the basis that the employer had filed a frivolous appeal in the circuit court.  As such, 
A.O. Smith
 is not controlling. 

Our holding that sections 16 and 19(k) do not allow the Commission to award penalties for the taking of a meritless appeal in the circuit court does not leave claimants without a remedy.  Supreme Court Rule 137 allows the circuit court to impose sanctions against a party or counsel who files a pleading or motion which is not well grounded in fact, is not warranted by existing law or a good-faith argument for the extension, modification, or reversal of existing law, or is interposed for any improper purpose.  
Bennett & Kahnweiler, Inc. v. American National Bank & Trust Co.
, 256 Ill. App. 3d 1002, 1006, 628 N.E.2d 426, 430 (1993).  The purpose of Supreme Court Rule 137 is to punish litigants who plead frivolous or false matters or bring suit without any basis in law.  
Ashley v. Scott
, 266 Ill. App. 3d 302, 305, 640 N.E.2d 677, 679 (1994).

Krantz contends that Rule 137 affords only limited relief since it allows recovery only for reasonable costs and attorney fees, while section 19(k) provides for additional compensation for vexatious conduct and undue delay.  However, as Sahara Coal points out, Rule 137 allows the court to impose "an appropriate sanction" other than costs and attorney fees.  As claimant did not seek relief under Rule 137, we do not decide whether the Commission may, on application and on proper proof, award additional section 19(k) and section 16 penalties where the trial court finds the appeal frivolous.  

Finally, we note Krantz's observation that, generally speaking, the Code of Civil Procedure and the Supreme Court Rules do not apply to workers' compensation cases.  
Chambers v. Industrial Comm'n
, 132 Ill. App. 3d 891, 893, 478 N.E.2d 498, 499 (1985).  Supreme Court Rule 1 governs the applicability of the rules and provides:

"General rules apply to both civil and criminal proceedings.  The rules on proceedings in the trial court, together with the Civil Practice Law and the Code of Criminal Procedure, shall govern all proceedings in the trial court, except to the extent that the procedure in a particular kind of action is regulated by a statute other than the Civil Practice Law.  The rules on appeal shall govern all appeals."  155 Ill. 2d R. 1. 

Under Rule 1, the Supreme Court Rules apply to all proceedings in the trial court unless a procedure in a particular kind of action is regulated by a statute other than the Civil Practice Law.  As we have determined that sections 16 and 19(k) of the Act do not regulate the procedure for seeking penalties for the taking of a frivolous appeal in the circuit court in order to delay payment of an award, the Act does not apply and Rule 137 governs.  

The judgment of the circuit court is affirmed.  

Affirmed.

McCULLOUGH, P.J., and RAKOWSKI, COLWELL, and HOLDRIDGE, JJ., concur.