April 23, 1999

NO. 4-98-0117WC

IN THE APPELLATE COURT OF ILLINOIS

FOURTH DISTRICT

Industrial Commission Division

LEONARD SIDDENS, ) Appeal from 

Appellee and Cross-Appellant, ) Circuit Court of 

v. ) Macon County

THE INDUSTRIAL COMMISSION et al. ) No. 93MR42

(Moorhead Machinery/Westinghouse, )

Appellants and Cross-Appellees). ) Honorable

) John L. Davis,

) Judge Presiding.

JUSTICE COLWELL delivered the opinion of the court:

Respondent, Moorhead Machinery/Westinghouse (Moorhead), and the Industrial Commission (Commission) appeal from an August 1997 order in which the circuit court of Macon County granted a motion for declaratory judgment in favor of claimant, Leonard Siddens (Siddens).  Siddens cross-appeals, contending that the circuit court failed to grant him the proper relief in its order.  We hold that the Commission in March 1993 exceeded its powers under the Workers’ Compensation Act (Act) (820 ILCS 305/1 
et seq
. (West 1992)) by entering an order on a petition for penalties and attorney fees filed by Siddens.  As a result, the Commission’s March 1993 decision and all subsequent orders and decisions of the Commission and circuit court are void, and we therefore vacate the circuit court’s August 1997 order.

The “underlying litigation” in this case began when Siddens filed an application for adjustment of claim.  On January 31, 1988, an arbitrator awarded Siddens wage-differential benefits pursuant to section 8(d)(1) of the Act (820 ILCS 305/8(d)(1) (West 1992)), and Moorhead appealed.  The Commission affirmed, and the circuit court of Macon County confirmed.  Moorhead again appealed, and the Industrial Commission Division of the appellate court affirmed Siddens’ award in a Rule 23 order entered on July 8, 1992 (July 1992 Order).  
Siddens v. Moorhead Machinery/Westinghouse
, No. 4-91-0629WC (July 8, 1992) (unpublished order under Supreme Court Rule 23).

On August 4, 1992, Siddens filed a petition (August  1992 petition) with the Commission seeking attorney fees and penalties pursuant to sections 16 and 19(k) of the Act (820 ILCS 305/16, 19(k) (West 1992)).  Section 19(k) provides in pertinent part:

“In case [
sic
] where there has been any unreasonable or vexatious delay of payment or intentional underpayment of compensation, or proceedings have been instituted or carried on by the one liable to pay the compensation, which do not present a real controversy, but are merely frivolous or for delay, then the Commission may award compensation additional to that otherwise payable under this Act equal to 50% of the amount payable at the time of such award.”  820 ILCS 305/19(k) (West 1992).

Section 16 provides in pertinent part:

“Whenever the Commission shall find that the employer, his or her agent, service company or insurance carrier *** has been guilty of unreasonable or vexatious delay, intentional underpayment of compensation benefits, or has engaged in frivolous defenses which do not present a real controversy, within the purview of the provisions of paragraph (k) of Section 19 of this Act, the Commission may assess all or any part of the attorney’s fees and costs against such employer and his or her insurance carrier.”  820 ILCS 305/16 (West 1992).

Siddens alleged that Moorhead’s appeals in the underlying litigation “did not present a real controversy but [were] merely frivolous within the meaning of section 19(k).”  Siddens did not allege that Moorhead unreasonably delayed or intentionally underpaid compensation; in fact, Siddens admitted in his petition that Moorhead had paid his due compensation.

On March 8, 1993, the Commission, with one commissioner dissenting, denied Siddens’ request for penalties and attorney fees (March 1993 decision).  The majority, one of whom was commissioner Richard Gilgis, found that Moorhead’s appeals in the underlying litigation were not frivolous.  The dissenting Commissioner disagreed, citing the appellate court’s July 1992 Order in which the court stated that one of Moorhead’s three arguments on appeal had “no merit” and that another was “meritless.”  Siddens appealed to the circuit court of Macon County, which reversed the Commission in an order dated January 10, 1995 (January 1995 order).  The circuit court found that Moorhead’s appeals in the underlying litigation were frivolous and that the Commission’s March 1993 decision was against the manifest weight of the evidence.  The circuit court accordingly remanded the cause to the Commission for a determination of attorney fees, penalties, and costs.

The Commission rendered its decision on remand on December 11, 1995 (December 1995 decision).  The Commission awarded Siddens penalties and attorney fees in the amount of $38,798.28 and $7,759.66, respectively.  Commissioner Gilgis dissented, stating that the circuit court impermissibly substituted its judgment for that of the Commission.  Moorhead appealed.

On October 23, 1996, the circuit court again reversed (October 1996 order), finding the Commission’s decision on remand against the manifest weight of the evidence.  The circuit court ordered the Commission to enter an order awarding Siddens $67,918.03 in section 19(k) penalties, $33,972.84 in section 16 attorney fees and $962.25 in costs.  Neither party appealed the circuit court’s October 1996 order.

On July 30, 1997, before the Commission took any action on remand, Siddens filed a two-count “Action for Declaratory Judgment” with the circuit court (July 1997 motion).  In count I, Siddens sought an order declaring the circuit court’s October 1996 order final but no longer appealable.  In count II, Siddens alleged that the Commission’s March 1993 and December 1995 decisions were made fraudulently.  He claimed that Commissioner Gilgis was not in possession of the necessary transcripts and motions to render those decisions or to conduct a hearing on Siddens’ August 1992 petition for penalties and attorney fees.  Siddens further alleged that the other commissioners were unaware of the contents of his petition.  According to Siddens, the Commission lacked jurisdiction to rule on his petition, since the decisions were allegedly not made by a three-member panel as required by section 19(e) of the Act (820 ILCS 305/19(e) (West 1992)).  Siddens asked the circuit court to hold an evidentiary hearing so that the commissioners could be called before the circuit court, and the circuit court could decide whether the Commission’s March 1993 and December 1995 decisions were made by a three-judge panel.

The circuit court ruled on Siddens’ July 1997 motion on August 20, 1997 (August 1997 order).  The court granted the relief Siddens sought in count I, finding that the circuit court’s October 1996 order was final and appealable.  However, because no party appealed within 30 days of the entry of the order, the order was no longer reviewable.  See 820 ILCS 305/19(f)(2) (West 1996); 155 Ill. 2d R. 303(a).  Regarding count II, the circuit court ordered the commissioners to convene amongst themselves and “enter an order declaring whether the order of March 8, 1993[,] and order on remand [of] December 11, 1995[, were] in fact the decision[s] of a 3[-] member panel of the Industrial Commission pursuant to Sec. 19(e) of the Worker’s [
sic
] Compensation Act.”  Siddens filed a motion to reconsider count II, asserting that it was for the circuit court, not the commissioners, to decide whether the Commission’s March 1993 and December 1995 decisions were frauds.  The circuit court denied Siddens’ motion to reconsider.

Moorhead, Siddens, and the Commission appeal the August 1997 order of the circuit court.  Moorhead and the Commission advance several arguments why we should vacate the circuit court’s August 1997 order.  They contend the following:  that the circuit court lost jurisdiction to entertain Siddens’ July 1997 motion after remanding the cause to the Commission in October 1996; that Siddens’ motion for declaratory judgment did not present a justiciable controversy, and thus the circuit court’s resulting order was an advisory opinion; and that the circuit court lacked jurisdiction to enter the August 1997 order because its October 1996 order was interlocutory and not final.  Moorhead also argues that the Commission lacked the statutory jurisdiction to consider Siddens’ August 1992 petition in the first place.  Siddens, on the other hand, cross-appeals and asks this court to order the circuit court to hold an evidentiary hearing to determine whether the Commission’s March 1993 and December 1995 decisions were those of a three-member panel.  Siddens reiterates his arguments that the Commission lacked jurisdiction to render its March 1993 and December 1995 decisions, and he asks us to declare those decisions void.

While the instant appeal was pending, Siddens filed a motion with this court.  In that motion, he asks us to dismiss all appeals until an evidentiary hearing can be held before the circuit court.  Siddens also seeks to amend his prayer for relief in count II of his July 1997 motion.  His proposed amendment prays for the circuit court to declare all Commission and circuit court orders on and subsequent to March 8, 1993, null and void, and he further requests a stay of the proceedings in the Commission on remand.  Moorhead and the Commission oppose Siddens’ motion, contending that the circuit court already ruled on Siddens’ July 1997 motion and that the parties fully briefed the instant appeal based on that ruling.  The Commission also points out that Siddens provided no factual or legal reasons why we should grant his motion.  We agree with Moorhead and the Commission and accordingly deny Siddens’ motion.

We first address whether the Commission possessed the statutory authority to rule on Siddens’ August 1992 petition for penalties and attorney fees.  The Commission is an administrative agency and possesses only those powers granted to it by the legislature.  
Krantz v. Industrial Comm’n
, 289 Ill. App. 3d 447, 450-51, 681 N.E.2d 1100, 1103 (1997).  To the extent an agency acts outside its statutory authority, it acts without jurisdiction.  The term “jurisdiction,” while not strictly applicable to an administrative agency, may be employed to designate the authority of the agency to act.  In administrative law, the term “jurisdiction” has three aspects: (1) personal jurisdiction, (2) subject-matter jurisdiction, and (3) the agency’s scope of statutory authority.  
Business & Professional People for the Public Interest v. Illinois Commerce Comm’n
, 136 Ill. 2d 192, 243, 555 N.E.2d 693, 716 (1989).  A judgment or order is void where it is entered by a court or agency which lacks personal jurisdiction, subject-matter jurisdiction, or the inherent power to enter the particular judgment or order, or where the order is procured by fraud.  
Evans v. Corporate Services
, 207 Ill. App. 3d 297, 302, 565 N.E.2d 724, 727 (1990).  A void order is a complete nullity from its inception and has no legal effect.  
National Bank v. Multi National Industries, Inc.
, 286 Ill. App. 3d 638, 640, 678 N.E.2d 7, 9 (1997).  A void order may be attacked, either directly or collaterally, at any time or in any court.  
In re Estate of Steinfeld
, 158 Ill. 2d 1, 12, 630 N.E.2d 801, 806 (1994).  Courts have a duty to vacate and expunge void orders from court records and thus may 
sua
 
sponte
 declare an order void.  
People v. Childs
, 278 Ill. App. 3d 65, 78, 662 N.E.2d 161, 169 (1996).

We note that, although we could have addressed the instant issue 
sua
 
sponte
, Siddens himself challenged the validity of the Commission’s March 1993 decision in his July 1997 circuit court motion.  He asserted that the Commission’s March 1993 decision was procured by fraud and that the Commission lacked jurisdiction to rule on his August 1992 petition.  Siddens made these allegations nine months after the circuit court remanded the cause to the Commission and before the Commission acted upon the circuit court’s October 1996 order.  We find that these allegations amount to a collateral attack on the Commission’s jurisdiction.  See 
Evans
, 207 Ill. App. 3d at 300, 565 N.E.2d at 727 (respondent collaterally attacked default judgment in workers’ compensation case; respondent filed petition in circuit court alleging that the court which entered default judgment lacked jurisdiction to do so and that the judgment was therefore void).

We now turn to Moorhead’s contention that the Commission lacked the statutory power to consider Siddens’ August 1992 petition for section 19(k) penalties and section 16 attorney fees.  Moorhead compares the instant case with 
Krantz
, 289 Ill. App. 3d 447, 681 N.E.2d 1100, and contends that 
Krantz
 is controlling authority.  In 
Krantz
, the claimant was awarded workers’ compensation benefits for injuries he suffered while working for the respondent.  The respondent eventually appealed to the circuit court of Saline County, which confirmed the claimant’s award.  Neither party appealed the circuit court’s decision.  Approximately one month later, the claimant filed a petition with the Commission seeking section 16 attorney fees and penalties under sections 19(k) and 19(l) of the Act (820 ILCS 305/16, 19(k), 19(l) (West 1994)).  
Krantz
, 289 Ill. App. 3d at 448, 681 N.E.2d at 1101.  The claimant in his petition alleged 
only
 “that [the respondent’s] appeal to the circuit court did not present a real controversy but was merely frivolous and made for the purpose of delay.”  
Krantz
, 289 Ill. App. 3d at 448, 681 N.E.2d at 1101.  The Commission ruled that the claimant was not entitled to section 16 attorney fees or to section 19(k) penalties.  
Krantz
, 289 Ill. App. 3d at 449, 681 N.E.2d at 1102.  The circuit court agreed with the Commission, and the claimant appealed to this court.  We affirmed, holding that, where a circuit court enters a final judgment, the Commission lacks the statutory power to review the merits of the appeal in the underlying case to determine if that appeal was frivolous or made for the purpose of delay.  We could not find “that the Commission’s power extends to consideration of pleadings and matters that take place in the circuit court.”  
Krantz
, 289 Ill. App. 3d at 450, 681 N.E.2d at 1103.

In the instant case, the appellate court rendered a final judgment with its July 1992 Order, affirming Siddens’ compensation award.  Neither party appealed.  Approximately one month later, Siddens filed his August 1992 petition with the Commission, seeking section 19(k) penalties and section 16 attorney fees.  Siddens alleged that Moorhead’s “appeal[s] to the circuit court and [to] the Industrial Commission of the Appellate Court did not present a real controversy but [were] merely frivolous within the meaning of §19(k).”  Siddens did not provide any other basis on which to support his claim for penalties and attorney fees.  These facts are strikingly similar to the facts in 
Krantz
.  The only difference between this case and 
Krantz
 is that, here, the underlying appeal went to the appellate court, whereas in 
Krantz
 the underlying appeal stopped at the circuit court.  We find this difference immaterial, however, since the roles of circuit and appellate courts in workers’ compensation cases are the same--appellate only.  
Gunnels v. Industrial Comm’n
, 30 Ill. 2d 181, 185, 195 N.E.2d 609, 611 (1964); 820 ILCS 305/19(f) (West 1992).

We therefore find the rule of law from 
Krantz
 applicable.  Accordingly, we hold that the Commission lacked the statutory power to determine whether Moorhead’s appeals in the underlying litigation were frivolous.  See 
Krantz
, 289 Ill. App. 3d at 450, 681 N.E.2d at 1103.

Siddens argues that 
Krantz
 should not apply to this case, since, in Siddens’ words, “[t]he [appellate] court [in its July 1992 Order] found Moorhead’s challenges to its liability ’meritless.’”  We disagree with Siddens’ characterization of the appellate court’s July 1992 Order.  In appealing the underlying litigation to the appellate court, Moorhead made three arguments: (1) that no causal relation existed between Siddens’ work-related injury and condition of ill-being; (2) that Siddens’ compensation award was against the manifest weight of the evidence; and (3) that the Commission’s decision was unreliable because the Commission failed to comment on videotape evidence presented by Moorhead.  The appellate court stated that Moorhead’s first argument had “no merit” and that its third argument was “meritless.”  Nonetheless, the court addressed those two arguments.  Regarding Moorhead’s second argument, the court never commented on its merits; in fact, the court engaged in a thorough discussion of the facts supporting the Commission’s decision.  The appellate court never indicated that Moorhead’s appeal itself was frivolous, brought for the purpose of delay or presented no real controversy; even if it did, we doubt that such a statement could provide the basis for an award of penalties and attorney fees under the circumstances.  Thus, the language of the July 1992 Order did not authorize the Commission to determine whether Moorhead’s appeals were frivolous.

As stated earlier, an order is void where it is entered by a tribunal that lacks the inherent power to enter the order.  
Evans
, 207 Ill. App. 3d at 302, 565 N.E.2d at 727.  We previously concluded that the Commission lacked the statutory power to enter its order on Siddens’ August 1992 petition for penalties and attorney fees.  We therefore find the Commission’s March 1993 decision void and also declare null and void the subsequent orders and decisions of the circuit court and Commission.  See 
Simpson v. Industrial Comm’n
, 91 Ill. 2d 452, 455-56, 440 N.E.2d 94, 96 (1982) (circuit court had no jurisdiction to entertain claimant’s petition for review of Commission’s decision; circuit court’s remand order, Commission’s decision on remand, and circuit court’s second order were therefore all nullities).

Siddens next asserts that he “may amend his [August 1992] petition before the Industrial Commission to allege ’unreasonable delay’ as a basis for section 19(k) penalties, in accordance with [
Board of Education v. Industrial Comm’n
, 351 Ill. 128, 184 N.E. 202 (1932)].”  In 
Board of Education
, our supreme court held that, after a final judgment has been entered in a workers’ compensation proceeding, a claimant may subsequently file with the Commission a petition seeking section 19(k) penalties 
based on the employer’s unreasonable or vexatious delay of payment
.  
Board of Education
, 351 Ill. at 131-32, 184 N.E. at 203-04.  
Board of Education
 remains good law.  See 
Krantz
, 289 Ill. App. 3d at 449, 681 N.E.2d at 1102.  Pursuant to 
Board of Education
, we find no reason which would preclude Siddens from filing a 
new
 petition with the Commission and alleging an “unreasonable or vexatious delay of payment or intentional underpayment of compensation” (820 ILCS 305/19(k) (West 1996)) on the part of Moorhead.  

We pause, however, to highlight two applicable statements from the record.  First, in his August 1992 petition, Siddens acknowledged that Moorhead had made all of its then-due payments to Siddens.  Second, at a January 9, 1998, hearing on Siddens’ motion to reconsider, Moorhead’s attorney stated:

“[Siddens] is paid permanent and total disability benefits and it’s my understanding that he has been paid these benefits and the benefits are ongoing in nature.  [Siddens] is not an individual who is not receiving sums of money ***.  He has been paid, is being paid, and pursuant to the law in this state, he will be paid.”

This statement went unchallenged.  We stress that any allegation of an unreasonable delay must be made in good faith.

Due to the nature of our decision, we need not address the other arguments advanced by the parties.

Based on the foregoing, the following are declared null and void:  the Commission’s March 1993 and December 1995 decisions, and the circuit court’s January 1995, October 1996 and August 1997 orders.

The August 20, 1997, order of the circuit court is hereby vacated.

Order vacated.

McCULLOUGH, P.J., and RAKOWSKI, HOLDRIDGE and RARICK, JJ., concur.