NOTICE

Decision filed 11/27/06. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

NO. 5-06-0012

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | |
|---|---|
| GARY ARNOLD, JR., | ) Appeal from the |
| | ) Circuit Court of |
| Petitioner-Appellee, | ) Wabash County. |
| | ) |
| v. | ) No. 05-MR-24 |
| | ) |
| MT. CARMEL PUBLIC UTILITY, | ) Honorable |
| | ) Mark L. Shaner, |
| Respondent-Appellant. | ) Judge, presiding. |

_____

JUSTICE WELCH delivered the opinion of the court:

In August 2001, the petitioner, Gary Arnold, Jr., filed an application for the adjustment of a claim under the Illinois Workers' Compensation Act (the Act) (820 ILCS 305/1 *et seq.* (West 2004)), alleging an injury to his left hand. The Illinois Industrial Commission, now known as the Illinois Workers' Compensation Commission (Commission), initially denied benefits, and the petitioner appealed the decision to the circuit court of Wabash County. The circuit court reversed the Commission's decision and remanded the cause to the Commission for the entry of an award and for further proceedings regarding permanency and any other issues that had arisen since the Commission's decision.

On remand, the Commission entered an order complying with the order of the circuit court and awarding temporary total disability benefits and medical expenses and remanding the case to the arbitrator for further determinations. This order was signed by three members of the Commission, one of whom happened to be the chairman of the Commission, Dennis R. Ruth.

The employer, Mt. Carmel Public Utility, sought judicial review of the Commission's

1

order on remand. The employer's request for judicial review was dismissed by the circuit court, which found that it lacked jurisdiction because in seeking judicial review the employer had failed to comply strictly with the statute. The circuit court's decision was affirmed by this court on appeal. *Mt. Carmel Public Utility v. Industrial Comm'n*, No. 5-04-0749WC (2005) (unpublished order under Supreme Court Rule 23 (166 Ill. 2d R. 23)). Accordingly, the employer lost its opportunity for a direct review of the Commission's order on remand.

The employer, Mt. Carmel Public Utility, refused to pay the award, contending that it was invalid and void from its inception because it had been signed by the chairman of the Commission. Accordingly, on September 28, 2005, the petitioner filed, in the circuit court of Wabash County, a petition for the entry of a judgment pursuant to section 19(g) of the Act (820 ILCS 305/19(g) (West 2004)). The employer responded that the Commission's order on remand was void from its inception because it had been signed by the chairman of the Commission, who lacks statutory authority to act as a commissioner. After hearing argument, the circuit court granted the petition and entered a judgment on the Commission's award. The employer now appeals, bringing this collateral attack on the validity of the Commission's order on remand.

The employer's principal argument on appeal is that the Commission's order on remand is void because, the chairman having no statutory authority to sit on the Commission panel as a decision maker, the panel was illegally constituted. The employer bases its argument on section 13 of the Act, which provides in pertinent part as follows:

"There is created an Illinois Workers' Compensation Commission consisting of 10 members to be appointed by the Governor ***.

One of the members *** shall be designated by the Governor as Chairman. The Chairman shall be the chief administrative and executive officer of the Commission; and he or she shall have general supervisory authority over all personnel

2

of the Commission, including arbitrators and Commissioners, and the final authority in all administrative matters relating to the Commissioners, including but not limited to the assignment and distribution of cases and assignment of Commissioners to the panels, except in the promulgation of procedural rules and orders under Section 16 and in the determination of cases under this Act." 820 ILCS 305/13 (West Supp. 2005).

The employer interprets this statutory language as a prohibition against the chairman sitting on the decisionmaking panel of any case under the Act. The employer argues that the chairman is not a "member" of the Commission and that the statutory language prohibits the chairman from making any "determination of cases under this Act." Citing *Daniels v. Industrial Comm'n*, 201 Ill. 2d 160, 165 (2002), the employer further argues that a decision made by an illegally constituted panel, such as one on which the chairman sits, is void and a nullity from its inception and may be collaterally attacked at any time and in any court. Because this case presents only questions of law, we review the matter *de novo*. *Baggett v. Industrial Comm'n*, 201 Ill. 2d 187, 194 (2002).

The Commission is an administrative agency and possesses only those powers granted to it by the legislature. *Siddens v. Industrial Comm'n*, 304 Ill. App. 3d 506, 510 (1999). To the extent the agency acts outside its statutory authority, it acts without jurisdiction. *Siddens*, 304 Ill. App. 3d at 510. An order is void where it is entered by an agency that acts without jurisdiction, outside its statutory authority, or without the inherent power to enter the particular order. *Siddens*, 304 Ill. App. 3d at 511. A void order is a complete nullity from its inception and has no legal effect. *Siddens*, 304 Ill. App. 3d at 511. It may be attacked, either directly or collaterally, at any time and in any court. *Siddens*, 304 Ill. App. 3d at 511. Nevertheless, we reject the employer's attack because we conclude that the employer misreads and misconstrues the statutory language. We find that the chairman is a member

3

of the Commission and is not prohibited from sitting on a decisionmaking panel (see *Piasa Motor Fuels v. Industrial Comm'n*, No. 5-05-0570WC (October 23, 2006)) and that, in any event, the *de facto*-officer doctrine prohibits the employer from challenging the order on remand.

In construing the statute, our primary goal is to determine and give effect to the intent of the legislature. *People v. Roberts*, 214 Ill. 2d 106, 116 (2005). If we can determine the legislative intent from the plain language of the statute, we will give that intent effect without resorting to other interpretive aids. *Roberts*, 214 Ill. 2d at 116. We will not depart from the plain statutory language by reading into it exceptions, limitations, or conditions that are in conflict with the express legislative intent. *Roberts*, 214 Ill. 2d at 116. Further, a court may not inject provisions that are not found in a statute. *Roberts*, 214 Ill. 2d at 116.

We find no ambiguity in the statutory language of section 13, nor do we think its interpretation requires lengthy discussion. The plain language of the statute clearly indicates that the chairman is, indeed, a "member" of the Commission. The plain language of the statute just as clearly does not prohibit the chairman from participating in decisionmaking in cases brought before the Commission. It does, however, make clear that, although the chairman has final authority on many Commission matters, he or she does not have final authority when it comes to "the determination of cases under this Act." Section 13 of the Act makes the chairman a full member of the Commission. It does not limit his powers and authority as a member but grants additional powers and authority as the chairman. These are the additional powers and "final authority" as chairman that section 13 limits with respect to "the determination of cases under this Act."

In a related argument, the employer cites to a different portion of section 13 of the Act and argues that the chairman violated the Act by holding two positions at once–being a member of the Commission and its chairman. Section 13 of the Act requires that every

4

commissioner "devote full time to his duties" and prohibits any commissioner from holding "any other office or position of profit." 820 ILCS 305/13 (West Supp. 2005). The employer argues that the chairman violates this provision when he acts both as a member of the Commission sitting on a decisionmaking panel and as the chairman of the Commission. We reject this argument. By statutory definition and proscription, the chairman is and must be a member of the Commission. Thus, he does not hold two offices or positions of profit at once.

The Commission's decision and order on remand did not become void by virtue of the chairman signing it. The panel was not illegally constituted, nor was the Commission acting outside its statutory authority or without the inherent power to enter the order. Accordingly, the employer's collateral attack on the judgment is improper and was properly rejected by the circuit court.

In any event, we further find that the *de facto*-officer doctrine operates to prevent an invalidation of the Commission's order on remand. Under the *de facto*-officer doctrine, a person who is actually performing the duties of an office under color of title is considered to be an officer *de facto*, and his acts as that officer are valid so far as the public or third parties who have an interest in them are concerned. *Peabody Coal Co. v. Industrial Comm'n*, 349 Ill. App. 3d 1023, 1029 (2004). Accordingly, even were we to agree that the chairman has no authority to sit on a decisionmaking panel of the Commission in the determination of a case under the Act, the Commission's order on remand would not be rendered void and could not be collaterally attacked by the employer. See also *Nationwide Bank & Office Management v. Industrial Comm'n*, 361 Ill. App. 3d 207, 213 (2005).

Section 19(g) of the Act provides that either party may present to the circuit court a certified copy of the decision of the Commission when the same has become final, when no proceedings for review are pending, providing for the payment of compensation according

5

to the Act, whereupon the court shall enter a judgment in accordance therewith. 820 ILCS 305/19(g) (West 2004). In a section 19(g) proceeding, the circuit court exercises very limited, special statutory jurisdiction designed to permit the speedy entry of a judgment on an award, and the requirements of the court's subject matter jurisdiction will be strictly construed. *Franz v. McHenry County College*, 222 Ill. App. 3d 1002, 1006 (1991). The trial court's inquiry in such a proceeding is limited to a determination of whether the requirements of section 19(g) have been met, and the court may not review the Commission's decision. *Franz*, 222 Ill. App. 3d at 1006. Thus, absent fraud or a lack of jurisdiction, a party may not obtain a review of the Commission's decision in the course of a section 19(g) proceeding. *Franz*, 222 Ill. App. 3d at 1006. The circuit court of Wabash County did not err in granting the petition for the entry of a judgment and entering the judgment on the Commission's award.

For the foregoing reasons, the judgment of the circuit court of Wabash County is hereby affirmed.


Affirmed.


CHAPMAN and DONOVAN, JJ., concur.

6