**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2025 IL App (3d) 240225-U

Order filed June 18, 2025

_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2025

| | | |
|---|---|---|
| MUNICIPAL TRUST AND SAVINGS BANK, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee | ) ) | |
| v. | ) ) | Appeal No. 3-24-0225 Circuit No. 16 CH 258 |
| DENIS J. MORIARTY, | ) ) ) | Honorable Michael C. Sabol |
| Defendant-Appellant | ) | Judge, Presiding. |

_____

JUSTICE HOLDRIDGE delivered the judgment of the court.
Justice Davenport and Justice Peterson concurred in the judgment.

_____

**ORDER**

¶ 1     *Held*:   The court erred when it dismissed a section 2-1401 petition for failing to state a cause of action without ruling on each of the claims raised by the petition.

¶ 2     The plaintiff, Municipal Trust and Savings Bank (Municipal), obtained a foreclosure judgment against the defendant, Denis Moriarty. Moriarty brought a petition under section 2-1401 to vacate the judgment, which was denied. Moriarty appealed the denial, and the Supreme Court reversed and remanded the case for further consideration of Moriarty's section 2-1401 petition. On remand, the court granted partial relief, vacating all orders entered prior to

Moriarty's appearance in the case, but it declined to rule on whether an order entered on the day Moriarty entered his appearance should be vacated. Municipal then moved to dismiss the petition, and the court dismissed the petition with prejudice. Moriarty appealed.

¶ 3                                          I. BACKGROUND

¶ 4        In 2016, Municipal initiated a foreclosure action against Moriarty concerning several commercial properties located in Kankakee County. Municipal served Moriarty through a private process server in Cook County. Municipal did not move for appointment of a process server, and no process server was appointed by the court. Moriarty failed to appear or answer the complaint, and a default judgment and a judgment of foreclosure and sale were entered on January 30, 2017. A sheriff's sale was held approximately six months later at which Municipal was the successful bidder. Municipal then moved to confirm the sale, and the court held a hearing to confirm the sale on July 17, 2017.

¶ 5        On that date, Moriarty appeared, stating he had been in a nursing home, was not aware of the sale, and did not receive notice. Over Moriarty's objection, the court found that service was proper and entered an Order Confirming Sale on that date. On May 21, 2018, Moriarty filed a petition under section 2-1401, arguing the court lacked jurisdiction to act because service was defective. Moriarty's petition also included allegations of negligence on Municipal's part and requested, in addition to vacatur of the orders entered in the case, "compensatory damages, attorney fees, costs, and punitive damages." The court denied Moriarty's petition on September 21, 2018. We affirmed the denial of the petition on appeal. *Municipal Trust and Savings Bank v. Moriarty*, 2020 IL App (3d) 190016, ¶ 23. Interpreting the statute governing service, the Illinois Supreme Court reversed, finding that service was defective because Municipal needed special permission to serve process in Cook County. *Municipal Trust and Savings Bank v. Moriarty*,

2021 IL 126290, ¶ 21. The Supreme Court remanded the case for "further consideration of the merits of [the] defendant's section 2-1401 petition." *Id*. ¶ 26. The Supreme Court noted that while Moriarty's appearance on July 17, 2017, subjected him to the court's jurisdiction prospectively, it also observed that his appearance "did not retroactively validate void orders entered prior to July 17, 2017." *Id*. ¶ 25. The Court noted that Municipal raised additional arguments not considered by the circuit court, such as "[w]hether there was a *bona fide* third-party purchaser of the property." *Id*. ¶ 26.

¶ 6        On remand, Moriarty's section 2-1401 petition was reinstated, and Moriarty moved separately to vacate all orders entered in the case. Municipal moved to dismiss Moriarty's section 2-1401 petition. The case was assigned to a new judge, Judge Nicholson, and the court held a hearing on the motion to dismiss the petition on October 20, 2021. On that date, both parties agreed that all orders entered prior to July 17, 2017, were void. Those orders included the default judgment and the judgment of foreclosure and sale. The court vacated those orders as a "first step." However, the court declined to vacate the Order Confirming Sale, finding the court had jurisdiction on the date that order was entered. The court described the Order Confirming Sale as "voidable" but not void. However, no orders were entered on that date, and the court declined to rule on Municipal's motion to dismiss the petition, stating it wished to do further research about "what remedies *** fall under [section] 2-1401."

¶ 7        Before issuing further rulings in the case, Judge Nicholson recused herself, and the case was reassigned to Judge Kramer. The case was called again for hearing on Municipal's motion to dismiss the section 2-1401 petition on June 21, 2022. At that hearing, Municipal argued that Judge Nicholson had already determined the Order Confirming Sale was not void, and the only remaining issue was whether to dismiss the "money damage claims" in the petition. Moriarty

3

insisted his petition requested vacatur of all orders entered in the case, including the Order Confirming Sale, and the court had not yet determined whether to grant that relief. The court agreed with Moriarty, denying the motion to dismiss and ruling that "the order confirming sale is a proper subject for a [section] 2-1401 petition along with the additional issues mentioned in the Supreme Court's decision in this matter." Municipal requested clarification of the court's ruling, asking whether any hearing would involve adjudicating Moriarty's claim for damages. The court set the petition for hearing and selected a separate date to clarify the issues that would be presented at the hearing.

¶ 8        On August 25, 2022, Municipal filed a second motion to dismiss the section 2-1401 petition. This motion argued that the only allegations remaining in the petition were a "gross negligence" claim and a "wrongful foreclosure" claim, neither of which were cognizable claims under section 2-1401. Before Municipal's second motion to dismiss was addressed, Judge Kramer retired, and the case was reassigned to Judge Sabol, who heard arguments on the motion on June 28, 2023. On August 7, 2023, the court entered an order striking one paragraph of the petition and part of a second paragraph. Specifically, the court struck from the petition (1) the allegation that Municipal acted negligently by failing to properly serve Moriarty and (2) Moriarty's request for "compensatory damages, attorney fees, costs and punitive damages for the wrongfully entered default Judgment of Foreclosure." The court then requested briefing from the parties about what issues remained pending in the case.

¶ 9        Moriarty filed a brief stating that the question of whether to grant Moriarty's petition as to the Order Confirming Sale remained pending. Municipal argued that the court had already vacated all void orders in the case and there was therefore nothing left for the court to decide. On October 4, 2023, the court, after reviewing the record, entered a written order finding that "no

4

further issues remain[ed] for determination in the [section] 2-1401 Petition and the Petition should be dismissed."

¶ 10    Moriarty filed a timely motion to reconsider the court's decision, which was denied on February 28, 2024. Moriarty also moved for leave to file an amended section 2-1401 petition, stating that he "strongly disagree[d] with the contention that no further issues remain for determination, as he [had] repeatedly asked the Court to vacate the order confirming sale," but he wished to amend the petition to make his position clearer. His proposed amended petition alleged that all orders entered in the case were "void or voidable" and sought vacatur of those orders. The proposed amended petition also omitted any requests for damages. Moriarty filed a notice of appeal on March 27, 2024, and on April 4, 2024, the court denied Moriarty's request for leave to file an amended petition under section 2-1401.

¶ 11                                    II. ANALYSIS

¶ 12    On appeal, Moriarty claims the circuit court erred when it dismissed his petition and when it denied him leave to amend his petition. Municipal contends the court did not err and additionally makes the following claims: (1) this court lacks jurisdiction, (2) the appeal is moot, and (3) Moriarty has provided an insufficient record. We address Municipal's contentions before turning to the merits of the appeal.

¶ 13    We have a duty to consider our jurisdiction and to dismiss an appeal if jurisdiction is wanting. *In re Estate of Rosinski*, 2012 IL App (3d) 110942, ¶ 19. Municipal claims we lack jurisdiction because the final order entered in this case was the court's August 7, 2023, order ("August 7 order"), which struck one paragraph of the petition and a portion of another paragraph. According to Municipal, when the court entered the August 7 order there were no justiciable issues remaining in the case and the court's ensuing dismissal with prejudice on

5

October 23, 2023 (October 23 order), was "non-discretionary or ministerial." Because Moriarty failed to appeal the August 7 order, Municipal argues he failed to comply with the applicable deadlines for appealing a final order under Supreme Court Rule 303. Ill. S .Ct. R. 303(a)(1) (eff. July 1, 2017). Relatedly, Municipal argues review of the October 23 order would be meaningless or moot, since the August 7 order resolved the case in its entirety. These arguments are without merit.

¶ 14 Illinois Supreme Court Rule 303(a)(1) (eff. July 1, 2017) provides that a notice of appeal must be filed "within 30 days after the entry of the final judgment appealed from, or, if a timely posttrial motion directed against the judgment is filed *** within 30 days after the entry of the order disposing of the last pending postjudgment motion directed against that judgment or order." A judgment is final if it "fixes absolutely and finally the rights of the parties in the lawsuit; it is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with the execution of the judgment." *In re Adoption of Ginnell*, 316 Ill. App. 3d 789, 793 (2000). Illinois courts "do not decide moot questions, render advisory opinions, or consider issues where the result will not be affected regardless of how those issues are decided." *In re Alfred H.H.*, 233 Ill. 2d 345, 351 (2009).

¶ 15 Here, the August 7 order did not resolve the case in its entirety because it did not dismiss the petition. It merely struck one paragraph and part of another paragraph, effectively preventing Moriarty from seeking a money judgment through his petition. Afterward, the court expressed uncertainty about what remained to be resolved and requested briefing from the parties. "An order is not final if jurisdiction is retained for matters of substantial controversy." *In re Marriage of Link*, 362 Ill. App. 3d 191, 192-93 (2005). The court in the instant case retained jurisdiction to determine what issues, if any, remained pending in the petition. Even if the court's intent was to

6

resolve what it believed to be the sole issue in the case on August 7, 2023, its order was not final until the October 23 order dismissing the petition with prejudice. See *Eclipse Manufacturing Co. v. United States Compliance Co.*, 381 Ill. App. 3d 127, 132 (2007) (despite the court's announcement of its intent to rule in favor of one of the parties, final order deemed to be the final written order); *Piagentini v. Ford Motor Co.*, 387 Ill. App. 3d 887, 895 (2009) ("[a]n order dismissing a complaint but granting leave to replead is not final until the trial court enters an order dismissing the suit with prejudice."). Accordingly, the operative order for purposes of appeal was the October 23 order dismissing the petition. We therefore find that Moriarty's appeal was timely. We further find that the appeal is not moot because reversal of the October 23 order would undo the court's written finding that "no further issues remain for determination in the [section] 2-1401 Petition."

¶ 16        Next, Municipal claims Moriarty failed to provide a sufficient record for us to review his claim of error. Specifically, the record provided by Moriarty does not contain a transcript of the hearing on Municipal's second motion to dismiss or any of the proceedings after the hearing. "[A]n appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error," and the failure to do so results in the presumption that the proceedings below were conducted in conformity with the law and were supported by a sufficient factual basis. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984). However, Moriarty's petition was dismissed for failing to state a claim, which is a question of law we review *de novo*. *Dawson v. City of Geneseo*, 2018 IL App (3d) 170625, ¶ 11. In conducting *de novo* review, we perform "the same analysis that the trial court would perform." *Id*. Further, we may rely on any grounds called for by the record, and we are not bound by the circuit court's reasoning. *Makowski v. City of Naperville*, 249 Ill. App. 3d 110, 115 (1993). Based on the transcripts

provided, the extensive briefing conducted on the issue of dismissal, and bearing in mind the standard of review, we find that the record provided is sufficient for us to review the court's dismissal of the petition.

¶ 17        Turning to the merits of the appeal, section 2-1401 of the Code of Civil Procedure (735 ILCS 5/2-1401 (West 2016)) "allows a party to bring before the court matters unknown to both the parties and the court at the time of judgment which would have precluded its entry." *Department of Conservation v. Cipriani*, 202 Ill. App. 3d 986, 990 (1990). Relief under section 2-1401 may be granted when a previously-entered judgment is void. See *Sarkissian v. Chicago Board of Education*, 201 Ill. 2d 95, 104-05 (2002). However, voidness is not the only reason to vacate a judgment. Section 2-1401 "provides a comprehensive statutory procedure by which final orders and judgments may be challenged more than 30 days after their entry." *People v. Pinkonsly*, 207 Ill. 2d 555, 562 (2003). Relief is also available when, for example, newly discovered evidence becomes available that would have precluded a judgment (*Klose v. Mende*, 378 Ill. App. 3d 942, 950-51 (2008)), when the parties mutually rely on a mistake of fact, (*In re Marriage of Breyley*, 247 Ill. App. 3d 486 (1993)), or when an agreed judgment was the result of duress, coercion, or fraud (*In re Marriage of Johnson*, 339 Ill. App. 3d 237, 240 (2003)).

¶ 18        A petition brought pursuant to section 2-1401 is treated as a complaint and is subject to the usual rules of civil practice. *People v. Vincent*, 226 Ill. 2d 1, 8 (2007). It may be dismissed for failing to state a cause of action or "upon a challenge that, even taking as true its allegations, it does not state a meritorious defense or diligence under section 2-1401 case law." *Id*. However, a section 2-1401 petition that seeks to vacate a void judgment need not establish a meritorious defense or satisfy due diligence requirements. *Sarkissian*, 201 Ill. 2d at 104. On a motion to dismiss, a section 2-1401 petition is to be considered "in the same manner as a civil complaint"

8

and dismissed only if it is clearly apparent that no set of facts could be proved that would entitle the petitioner to recovery. *In re Marriage of Buck*, 318 Ill. App. 3d 489, 493 (2000).

¶ 19        Municipal's position has been clear since the case was remanded: it agrees the orders entered prior to July 17, 2017, were void because the court lacked personal jurisdiction. It maintains, however, that the order entered on July 17, 2017, the Order Confirming Sale, was not void, since the court had personal jurisdiction on that date over Moriarty. Municipal insists that "only the most fundamental defects, *i.e.*, a lack of personal jurisdiction or lack of subject matter jurisdiction *** warrant declaring a judgment void." *LVNV Funding, LLC v. Trice*, 2015 IL 116129, ¶ 38. Further, orders entered erroneously by a court having jurisdiction are not void but voidable. *In re Marriage of Mitchell*, 181 Ill. 2d 169, 174 (1998). And voidable judgments are not subject to collateral attack. *Id*. Municipal insists the Order Confirming Sale was merely voidable and not void and therefore not a proper target of Moriarty's section 2-1401 petition.

¶ 20        "A void order is a complete nullity from its inception and has no legal effect." *Siddens v. Industrial Commission*, 304 Ill. App. 3d 506, 511 (1999). It may be attacked at any time, either directly or collaterally in any court. *Id*. Courts have a duty to vacate and expunge void orders from court records. *Id*. Significantly, an order may be declared void regardless of whether the court has personal jurisdiction over the parties. See *In re Application of Will County Collector*, 2018 IL App (3d) 160659, ¶ 21 (despite the existence of personal jurisdiction on the date they were entered, tax deed and the order issuing the deed deemed void for failing to comply with applicable recording statute). Because they have no legal effect, void orders may not be relied upon to generate subsequent orders. For example, "where the [foreclosure] judgment is void, a judicial sale held pursuant to that judgment is also void." *City of Chicago v. Central National Bank*, 134 Ill. App. 3d 22, 29 (1985); *JoJan Corp. v. Brent*, 307 Ill. App. 3d 496, 505 (1999).

9

¶ 21      Moriarty's petition "prays that [the court] find that the default Judgment of Foreclosure entered Jan. 30, 2017 against Defendant Moriarty, and all subsequent orders entered in this case are void and vacate said Judgment and Orders." The court vacated two orders entered in this case for lack of personal jurisdiction. However, it did not vacate the Order Confirming Sale, a subsequent order, which, Moriarty alleges, occurred as a result of the default judgment and the judgment of foreclosure and sale. The request to vacate the Order Confirming Sale as void stems not from the court's lack of personal jurisdiction on July 17, 2017, but the voidness of the order itself. Such a request is a cognizable claim under section 2-1401. See *Sarkissian*, 201 Ill. 2d at 104. In other words, the fact that the court had personal jurisdiction on July 17, 2017, does not answer the question of whether, as Moriarty asserts in his petition, the Order Confirming Sale was itself void.

¶ 22      Municipal has asserted on appeal, as it did in its second motion to dismiss the case, that "[a]ll issues relating to whether the Judgment or subsequent orders are void have been determined" and "[n]o further void issues remain outstanding in this case." Municipal interprets Judge Nicholson's refusal to vacate the Order Confirming Sale at the October 20, 2021, hearing on Municipal's motion to dismiss the petition as a determination of the issue on the merits, and it insists the only claims outstanding in the petition after that date were Moriarty's claims for monetary damages, which were struck by the court in its August 7 order. The record does not support this assertion.

¶ 23      Judge Nicholson did not address the merits of the petition. The October 20, 2021, hearing was held to determine whether to dismiss the petition in its entirety, and Judge Nicholson declined to do so. Her comment that the Order Confirming Sale was voidable was made in the context of deciding whether to dismiss the petition and was never incorporated into an order or

10

ruling. She made no findings and entered no orders except to vacate, by agreement of the parties, the void orders entered without personal jurisdiction as a "first step." She also requested more time from the parties to research "what remedies *** fall under [section] 2-1401." She then recused herself prior to ruling on Municipal's motion to dismiss.

¶ 24　　　Municipal's motion was still pending when Judge Kramer was assigned to the case. Judge Kramer likewise did not address the merits of the petition. His sole action on the case was to deny Municipal's first motion to dismiss the case. The argument that the Order Confirming Sale was not void but merely voidable was presented to Judge Kramer when Municipal argued the petition should be dismissed. That argument was presumptively rejected when Judge Kramer declined to dismiss the case and found that "the order confirming sale is a proper subject for a [section] 2-1401 petition."

¶ 25　　　Municipal then filed a second motion to dismiss, and Judge Kramer retired prior to ruling on that motion. The case was reassigned to Judge Sabol, who struck Moriarty's claim for money damages. However, he did not reach the merits of the petition either because he dismissed it for failing to state a cause of action. Thus, the court has never ruled on the merits of the petition's request to declare the Order Confirming Sale void based on its contention that the Order Confirming Sale is a subsequent order flowing from an already void order.

¶ 26　　　The court erred when it dismissed the petition without addressing Moriarty's claim in its entirety. We therefore reverse the circuit court's dismissal of Moriarty's section 2-1401 petition and remand for further proceedings consistent with this order. We note that even if the judgment is void, a petitioner pursuant to section 2-1401 may be precluded from obtaining relief where there is a *bona fide* third party-purchaser or where the doctrine of *laches* applies. See *PNC Bank, National Association v. Kusmierz*, 2022 IL 126606, ¶ 16, 33. However, these defenses to a void

11

judgment are applicable only after the petition survives dismissal and the court reaches the petition's merits. Finally, because we hold that Moriarty's petition states a cognizable claim under section 2-1401 and because Moriarty's proposed amended petition merely strikes portions of the petition already struck by the court and adds no additional cognizable claims, we hold that the motion to amend the complaint is rendered moot by this order.

¶ 27   Reversed and remanded.